Argued and submitted June 14, petition dismissed September 25, 1985

# FITZGERALD,
*Petitioner,*

*v.*

# OREGON BOARD OF OPTOMETRY,
*Respondent.*

# (CA A33800)

760 P2d 586

John E. Rodgers, Forest Grove, argued the cause and filed the brief for petitioner.

Michael D. Reynolds, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and John A. Reuling, Jr., Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

■. Petitioner took the Board of Optometry's licensing examination on June 28-30, 1984, and was informed by a letter that she did not pass the examination. The letter stated, in pertinent part:

> "* * * This year the pass-no pass criterion was set at a total score of one standard deviation below the mean; your score was below this level and therefore it was determined to be below the minimum acceptable for licensure."

Petitioner contends that the criterion for passing the examination is an administrative "rule" under ORS 183.310(8) and is invalid, because it was not adopted according to the proper statutory procedure. ORS 183.335(10). She petitions this court under ORS 183.400(1) to declare the rule invalid and to reverse the Board's order denying her licensure. The Board concedes that the grading criterion is "probably a rule under ORS 183.310(8), and that validity of the challenged standard is in very serious doubt." It argues that this court does not have jursidiction to review the challenged order and the rule on which it rests.

We, agree that the grading criterion in issue is a rule within the definition of ORS 183.310(8):

> " 'Rule' means any agency directive, standard, regulation or statement of general applicability that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of any agency. * * *"

The grading criterion is a standard which implements the Board's statutory duty to examine applicants, ORS 683.060, and to license applicants "who satisfactorily pass the examination." ORS 683.070. Even if the rule is invalid under ORS 183.335(10), we lack jurisdiction in this case to review the challenged order and rule.

■ The letter informing petitioner of her not passing the examination is a "final order" of the Board, which is an "agency" under ORS 183.310(1):

> " 'Order' means any agency action expressed orally or in writing directed to a named person or named persons, other than employes, officers or members of an agency. * * *" ORS 183.310(5)(a)

" 'Final order' means final agency action expressed in writing. * * *" ORS 183.310(5)(b).

This order was not issued in a "contested case."

" 'Contested case' does not include proceedings in which an agency decision rests solely on the result of a test." ORS 183.310(2)(b).

4. ORS 183.400 governs the judicial determination of the validity of a rule. It provides, in pertinent part:

"(1) The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases. The court shall have jurisdiction to review the validity of the rule whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question, *but not when the petitioner is a party to an order or a contested case in which the validity of the rule may be determined by a court.*

"(2) The validity of any applicable rule may also be determined by a court, upon review of an order in any manner provided by law or pursuant to ORS 183.480 or upon enforcement of such rule or order in the manner provided by law." (Emphasis supplied.)

The validity of the challenged rule may be determined by a court "upon review of an order." ORS 183.400(2). Jurisdiction to review orders other than contested cases is vested in the circuit courts:

"Jurisdiction for judicial review of orders other than contested cases is conferred upon the Circuit Court for Marion County and upon the circuit court for the county in which the petitioner resides or has a principal business office. * * *" ORS 183.484(1).

Because "petitioner is a party to an order * * * in which the validity of the rule may be determined by a court," ORS 183.400(1), and because jurisdiction to review the order and rule in issue is vested in the circuit court, this court lacks jurisdiction to review the order based on the rule in issue.

Petition dismissed.