Argued and submitted January 26, 1990, affirmed January 16, 1991

Evelyn MINOR,
*Petitioner,*
Holly OULMAN,
*Intervenor-Petitioner,*
*v.*
ADULT AND FAMILY SERVICES DIVISION,
*Respondent.*
(OAR 461-07-270(4)(h); CA A50251)
804 P2d 1170

Lorey H. Freeman, Portland, argued the cause and filed the brief for petitioner and intervenor-petitioner.

Meg Reeves, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

Buttler, P. J., dissenting.

**WARREN, J.**

Petitioner Minor challenges the validity of OAR 461-07-270(4)(h), which permits Adult and Family Services (AFS) to require that Aid to Families with Dependent Children (ADC) grants be reduced in order to recover overpayments in assistance. We hold that the rule does not exceed statutory authority.

AFS reduced Minor's grant in an order dated October 10, 1988.[1] Minor did not appeal the order. She brought a petition under ORS 183.400(1) as an original proceeding. AFS argues that we have no jurisdiction under ORS 183.400(1) to hear this case and that Minor's only avenue for challenging the rule would have been as a part of a direct challenge to the order.

We granted a motion by Oulman to intervene as a petitioner. ORAP 1.160; ORCP 33. If we have no jurisdiction over Minor's petition, then we had no jurisdiction to grant the motion to intervene and must dismiss this case.

ORS 183.400(1) provides:

"The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases. The court shall have jurisdiction to review the validity of the rule whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question, *but not when the petitioner is a party to an order or a contested case in which the validity of the rule may be determined by a court.*" (Emphasis supplied.)

No appellate court in Oregon has discussed the scope of the emphasized final clause.

Under one interpretation, this court has jurisdiction unless the petitioner is *concurrently* involved in a proceeding in another forum in which the rule could be challenged. AFS argues that anybody *who has been* a party to an order or a contested case in which the validity of the rule *could have been determined* is prevented from bringing a rule challenge under ORS 183.400(1). It cites *Fitzgerald v. Oregon Board of Optometry,* 75 Or App 390, 706 P2d 586 (1985), in which the petitioner

---

[1] Minor's overpayment was not client-caused.

tried to challenge a rule that listed the criteria for passing the state optometry examination. We held that the letter informing the petitioner that she did not pass the examination was an "order" and that the " 'petitioner is a party to an order * * * in which the validity of the rule may be determined by a court,' ORS 183.400(1) * * *."[2] 75 Or App at 393. We did not say whether the petitioner was simultaneously appealing the order in another forum or still had that option available.[3]

ORS 183.400 was amended in 1971 by House Bill 1213, Oregon Laws 1971, chapter 734, section 9.[4] Then professor and now retired Supreme Court Judge Linde proposed some amendments to HB 1213, including one which added the clause at issue to ORS 183.400(1). He explained:

> "A person should not be permitted under this section to initiate judicial review of a rule *while he is engaged in a pending contested case proceeding under the same rule that will lead to judicial review under sec. .480.*" Memorandum to Senate Judiciary Committee regarding HB 1213, May 17, 1971, page 5. (Emphasis supplied.)

Attorney General Johnson supported the amendment,[5] and it

---

[2] The order was issued in other than a contested case, which is treated no differently than a contested case under ORS 183.400(1).

[3] In another case, *Hay v. Dept. of Transportation,* 301 Or 129, 719 P2d 860 (1986), the Supreme Court pointed out that ORS 183.400(1) is not exclusive, so a party who qualifies to bring a rule challenge under ORS 183.400(1) may qualify to bring the same challenge in a different proceeding. 301 Or at 138. Applying the converse, just because a person has been a party to an order in which a rule could have been challenged, he is not precluded from bringing a rule challenge under ORS 183.400(1), as long as he is not concurrently engaged in a proceeding in which he is able to challenge the rule.

[4] The statute was amended in order to remove some ambiguous language that provided that review under the statute could not be obtained if a petitioner were not bound by law to a course of conduct until further agency action. Committee on Administrative Law of the Oregon State Bar, Summary Statement to the House Judiciary Committee on HB 1213, Appendix at 5 (undated, 1971). A later amendment to ORS 183.400(1) broadened the category of persons who have "standing" by removing from section (1) language allowing a person to bring a petition only "if the rule, or its threatened application, interferes with, impairs, or threatens to interfere with or impair, the rights, privileges or substantial interest of the petitioner." Or Laws 1975, ch 759, § 9. Amendments in 1979 and 1987 did not affect section (1).

[5] Attorney General Johnson's Memorandum to Senator Yturri, Chairperson, Senate Judiciary Committee, May 19, 1971, page 5. In addition, *Oregon Attorney General's Administrative Law Manual* 17 (1988) states that "the court is without jurisdiction if the petitioner is a party to an order or a contested case in which the validity of the rule may *eventually* be considered by a court." (Emphasis supplied.)

was presented to the Senate Judiciary Committee without discussion[6] and incorporated into the final bill.

We adhere to the author's interpretation of the amendment, which is consistent with the use of the present tense and the word "may" in the final clause of ORS 183.400(1). *Fitzgerald v. Oregon Board of Optometry, supra,* does not expressly prohibit a petitioner who is not engaged in a pending proceeding involving the same rule from bringing a rule challenge. We conclude that the prohibition of an ORS 183.400(1) rule challenge only applies while the validity of the rule still may be challenged in the course of challenging the order or the result in the contested case. Any suggestion in *Fitzgerald* to the contrary is disapproved. We have jurisdiction to hear Minor's rule challenge.[7]

■     The only issue in this case is whether OAR 461-07-270(4)(h) is authorized by statute, either expressly or under the agency's rulemaking authority. OAR 461-07-270(4)(h) provides, in pertinent part:

"(4)   * * * The Division shall recover overpayment amounts from the following sources, or from any other sources permitted by law:

"* * * * *

"(h)   In ADC, a mandatory reduction of future assistance payments. The assistance payment, when added to all other income without application of the deduction in rule 461-04-890(1)(a), (b), and (c), shall not be less than 90 percent of the assistance standard for a family with no income."

Petitioners argue that the only statutes that authorize the recovery of ADC overpayments are ORS 411.620 and ORS 411.635 and that neither authorizes a mandatory grant reduction. Petitioners also argue that to reduce grants below current ADC payment standards would create a hardship for a recipient's family that would be contrary to public policy. AFS argues that it is not limited by the recoupment methods described in the two statutes and that, as a condition of a

---

[6] The amendment was one of a number of amendments presented at the May 25, 1971, Senate Judiciary Committee hearing. Minutes, Senate Judiciary Committee 5-6 (May 25, 1971).

[7] We cannot now determine Minor's rights under the order reducing her grant, which has become final.

state's participation in the ADC program, federal law mandates prompt recovery by states of overpayments, including by grant reduction when no other prompt means of payment is available.

Receipt of an overpayment is a violation of ORS 411.640, which makes it unlawful to receive any public assistance to which the recipient is not entitled, regardless of the cause of the overpayment.[8] Under ORS 411.620, public assistance obtained in violation of ORS 411.640 may be recovered through prosecution of a civil action. ORS 411.620 provides, in pertinent part:

> "The division may prosecute a civil suit or action against any person who has obtained * * * public assistance * * * in violation of ORS 411.640."

Other statutes provide for additional methods of recoupment for *client-caused* overpayments: *e.g.,* ORS 411.630 (fraud or misrepresentation) and ORS 411.635 (nonfraudulent recipient conduct). Only ORS 411.620 authorizes recovery of overpayments caused by *agency error.*

In *Larsen v. Adult & Family Services Division,* 34 Or App 615, 619 n 1, 579 P2d 866 (1978), we stated in a *dictum* that the mandatory grant reduction provided for in OAR 461-07-270 was authorized by ORS 411.620. *Larsen* involved a client-caused overpayment of medical benefits and did not directly involve either OAR 461-07-270 or ORS 411.620. However, we referred by analogy to the grant reduction provided by OAR 461-07-270 and in a footnote noted ORS 411.620 as authority for the regulation.[9]

---

[8] ORS 411.640 provides:

"No person shall receive, either for the benefit of the person or for the benefit of any other person, any amount or type of general assistance or public assistance, as defined in ORS 411.010, to which the person or such other person is not entitled under state law."

[9] A medical aid recipient had challenged the decision of AFS to make further receipt of medical aid conditional on monthly repayment of a medical overpayment, with the repayment equal to 10 percent of the determined level of need. Because the medical aid came from individual providers and not through a direct grant from AFS, the grant reduction permitted by OAR 461-07-270 was not possible, and no regulation specifically allowed the agency to make receipt of medical aid conditional on repayment of an overpayment. We held that the "stated policy of [of OAR 461-07-170] with respect to reimbursement of overpayments is sufficiently clear that it is adequate as a guide to an agency decision in this contested case which does not involve direct payments * * *."

Whether ORS 411.620 provided that authority was not at issue in the case.

Our interpretation of the scope of rulemaking authority granted by ORS 411.620 is influenced by ORS 411.635, which was passed the year after the decision in *Larsen v. Adult Family Services Division, supra.* ORS 411.635 lists specific means by which AFS may recover public assistance improperly disbursed as a result of *nonfraudulent recipient conduct* and provides, in part:

"Public assistance improperly disbursed as a result of recipient conduct that is not in violation of ORS 411.630 may be recouped pursuant to ORS 193.250 or from earnings that the state disregards pursuant to ORS 411.700 and [ORS] 418.045 * * *[.]"

Earnings "disregards" are wage earnings that AFS disregards when determining eligibility and need. ORS 418.045(3). ORS 293.250 allows for set-offs against property tax relief and income tax refunds. The methods of recoupment listed in ORS 411.635 do not include grant reductions.

Petitioners argue that the legislature would not have allowed a harsher method for recovery of overpayments caused by agency error than the methods listed in ORS 411.635 to recover overpayments for recipient error. We agree that neither ORS 411.620 nor ORS 411.635 authorizes grant reductions for nonfraudulent overpayments. However, neither statute excludes other means of recoupment, using the permissive word "may" to describe the authorized recoupment methods. If another statute were to provide authority for additional methods of recoupment, it would not conflict with either ORS 411.620 or ORS 411.635.

ORS 411.060 requires AFS to adopt rules for administering public assistance programs to comply with federal law. ORS 411.060 provides:

"Subject to ORS 417.300 and 417.305, the Department of Human Resources through the Adult and Family Services Division shall administer and supervise all public assistance programs and adopt and enforce such rules as are necessary to assure full compliance with the terms of federal and state laws."

Section 2318 of the Omnibus Budget Reconciliation Act,

(Act), Pub L No 97-35, 95 Stat 357 (1981), passed by Congress after the legislature passed ORS 411.635, requires grant reductions when no other prompt means of repayment is available. Section 2318 added subdivision 22 to 42 USC § 602(a) and provides, in part:

> "A State plan for aid and services to needy families with children must—
>
> "* * * * *
>
> "(22)   provide that the State agency will promptly take all necessary steps to correct any overpayment or underpayment of aid under the State plan, and, in the case of—
>
> "(A)   an overpayment to an individual who is a current recipient of such aid (including a current recipient whose overpayment occurred during a prior period of eligibility), recovery will be made by repayment by the individual or by reducing the amount of any future aid payable to the family of which he is a member, except that such recovery shall not result in the reduction of aid payable for any month, such that the aid, when added to such family's liquid resources and to its income (without application of paragraph (8)), is less than 90 percent of the amount payable under the State plan to a family of the same composition with no other income (and, in the case of an individual to whom no payment is made for a month solely by reason of recovery of an overpayment, such individual shall be deemed to be a recipient of aid for such month)[.]" 42 USC § 602(a)(22) (1981).

That requires the state agency to take all necessary steps to correct any overpayment promptly and states that recovery *will* be made by repayment or reducing future aid by up to ten percent. 45 CFR § 233.20(a)(13)(i)(E)(1) states that, by the end of the first quarter following the quarter that an overpayment is identified, the state *must* either recover the overpayment or execute a monthly recovery agreement from the recipient's grant or income.

ORS 411.060 requires Oregon to comply with federal law. Federal law requires grant reductions when no other prompt method of repayment is available. Although reductions are not authorized by ORS 411.620 or ORS 411.635, neither are they precluded by those statutes. ORS 411.060 provides authority for the grant reductions required by OAR 461-07-270(4).

Affirmed.

**BUTTLER, P. J.,** dissenting.

I disagree with the majority's conclusion that Minor has standing to challenge the rule. ORS 183.400(1) provides that we have jurisdiction to review the validity of a rule, "but not when the petitioner is a party to an order or a contested case in which the validity of the rule may by determined by a court." Minor is a party to an order of AFS reducing her grant of ADC pursuant to OAR 461-07-270(4)(h). As such, she could have sought review of that order in the circuit court, and in that proceeding could have had the validity of the rule determined. ORS 183.484(1). She did not; therefore, we do not have jurisdiction to consider her petition. We so held in *Fitzgerald v. Oregon Board of Optometry,* 75 Or App 390, 760 P2d 586 (1985). That decision is correct.

The majority "interprets" the clause of ORS 183.400 quoted above to mean that we have jurisdiction unless the petitioner is now a party to a pending court proceeding in which the validity of the rule may be challenged.[1] That is a rewriting of the statute and makes the statute say something that it does not say[2] and that is unnecessary: Generally, a person may not maintain two actions seeking the same relief. To the contrary, the statute is clear and unambiguous and means exactly what it says, whether we like it or not. There is no occasion to resort to legislative history to determine the legislature's intent. *Whipple v. Howser,* 291 Or 475, 632 P2d 782 (1981).

Because it decides that Minor had standing to challange the validity of the rule, the majority does not address the question of whether the intervenor could continue this proceeding in the event that Minor's petition is dismissed. In my view, she could not. Minor's lack of standing is a jurisdictional

---

[1] According to the majority, a person who, as a party to an order, may challenge the validity of a rule in the circuit court under ORS 183.484(1), may permit the order to become final as to that person and then challenge the rule pursuant to ORS 183.400. That makes no sense.

[2] ORS 174.010 provides:

"In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."

defect that requires dismissal of the petition. Even assuming that the intervenor could challange the rule in a separate proceeding, the motion to intervene cannot give the court jurisdiction in this proceeding. I would dismiss the entire matter for want of jurisdiction.

Assuming that the majority is correct on the jurisdictional question, I agree with its disposition of the merits of the case.