Argued and submitted November 21, rule held invalid December 21, 1994

Daniel McCLEERY, D.C.,
Samantha McCleery
and Michael Freeman, D.C.,
*Petitioners,*

*v.*

STATE OF OREGON,
acting by and through the
OREGON BOARD OF
CHIROPRACTIC EXAMINERS,
*Respondent.*

(CA A84057)

887 P2d 390

Jacob Tanzer argued the cause and filed the briefs for petitioners.

John T. Bagg, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Richardson, Chief Judge, and Edmonds, Judge.

WARREN, P. J.

## WARREN, P. J.

Petitioners seek a determination under ORS 183.400 that a "policy statement" issued by the Oregon Board of Chiropractic Examiners (OBCE) is an administrative rule and that it was not adopted in compliance with statutory rulemaking procedures. We hold that it is an invalid rule.

In January, 1991, OBCE issued a statement, which provided, in part:

> "In January, 1982, the United States District Court in Wisconsin issued a permanent nationwide injunction against the manufacturing, promoting, selling, leasing, distribution, shipping, delivering, or using in any way any Toftness Radiation Detector[1] or any article or device that is substantially the same as, or employs the same basic principles as, the Toftness Radiation Detector. * * *
>
> "Consequently, Oregon licensees should Cease and Desist using a Toftness or Toftness-like device."

The threshold issue is whether the policy statement is a rule. An administrative action may be a rule subject to judicial review, even if the agency does not call it a rule. *Fitzgerald v. Oregon Board of Optometry*, 75 Or App 390, 392, 760 P2d 586 (1985). ORS 183.310(8) defines a rule as

> "any agency directive, standard, regulation or statement of general applicability that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of any agency."

The state concedes that, if the policy statement is a rule, OCBE did not follow APA procedures in promulgating it. *See* ORS 183.325 to ORS 183.410. It argues, however, that the policy statement is merely a "recommendation," which cannot be used as the basis of any disciplinary action against any licensee.

We disagree and conclude that the policy statement is a rule under ORS 183.310(8). The policy statement is not directed to a named person or persons. *Portland Inn v. OTC*, 39 Or App 749, 752, 593 P2d 1233 (1979). Rather, it applies to all chiropractors. Further, it involves a "quasi-legislative

---

[1] The record on review does not contain any description or definition of a Toftness Radiation Detector.

act" of general applicability, because it forbids all chiropractors from using a Toftness or Toftness-like device at any time for any purpose. *See Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 149, 881 P2d 119 (1994); *Amazon Coop. Tenants v. Bd. High Ed.*, 15 Or App 418, 420, 516 P2d 89, *rev den* (1974). Additionally, the policy statement interprets or prescribes law, by purporting to apply a federal injunction to the conduct of Oregon chiropractors.

Because OBCE adopted the rule without following applicable rulemaking procedures, it is invalid. ORS 183.400(4). The remaining arguments do not require discussion.

Rule held invalid.