Argued and submitted November 13, 1981, petition for judicial
review dismissed April 5, reconsideration denied May 13,
petition for review allowed July 7, 1982 (293 Or 363, 647 P2d 931)

PATTON,
*Petitioner,*

*v.*

STATE BOARD OF HIGHER
EDUCATION et al,
*Respondents.*

(CA No. A20930)

642 P2d 1207

Charles S. Spinner, Eugene, argued the cause for petitioner. With him on the brief was Spinner & Young, Eugene.

Richard David Wasserman, Assistant Attorney General, Salem argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

This is an appeal from an order of a Hearing's Officer at the University of Oregon placing petitioner on mandatory medical leave pursuant to OAR 571-23-015.[1]

Petitioner is a student enrolled at the University of Oregon. Beginning in the 1980 winter term and continuing into 1981, he was involved in several incidents on campus which prompted University teachers and staff members to make written reports and complaints to the Dean of Students. He was reported to have disrupted classes on a number of occasions by threatening classmates, at least once with a can of mace. Persons using the University weight room complained of aggressive behavior by petitioner resulting in damage to equipment. A clerk at the

---

[1] OAR 571-23-015 provides in relevant part:

"The following procedures shall be followed when the Dean of Student Personnel Services has reason to believe that a student may have a serious medical or mental health disability which substantially threatens the welfare of the individual, other members of the University community or the educational processes of the institution:

"* * * * *

"(6) Conduct of Conference for Medical Determination. At the conference convened pursuant to this notice the Director of the Student Health Center shall refer to reports and recommendations and hear the evidence in an order determined to be best suited to the requirements of the ultimate medical determination. The Director is empowered to request further independent medical or psychiatric examinations of the student which may be relevant to the determination.

"(7) Proceedings under ORS Chapter 183. In any circumstances in which the proceedings for determination of the necessity for medical leave might be required by law to be conducted in accordance with the provisions of ORS Chapter 183 rather than through the conference as provided in section (5) of this rule, the Director of the Student Health Services is authorized as follows:

"(a) To obtain the appropriate assistance and advice of legal counsel in the Director's rulings on evidence and findings of fact;

"* * * * *

"(8) Determination of Director:

"* * * * *

"(b) If, following the proceedings in section (6) or (7) of this rule, the Director of the Student Health Center determines that the student's medical or psychiatric condition substantially threatens the welfare of the individual, of other members of the University community or of the educational processes of the institution, the Director will so inform the student and the Dean of Student Personnel Services in writing, and the student will be notified and placed on medical leave by the Director of the Student Health Center."

Registrar's office was reported to have been intentionally shoved backwards by him in a fit of anger. When questioned by the Dean about these incidents, petitioner explained that people whom he did not know were talking about him behind his back, using his name and making him angry.

In January, 1981, the Dean advised petitioner that the University was proceeding under OAR 571-23-015 to place him on mandatory medical leave because of concern for "the welfare of the University community and the educational process." On February 12, 1981, a conference was convened pursuant to OAR 571-23-015(6) to determine the appropriateness of placing him on mandatory medical leave.

Petitioner was represented by counsel, who objected to the proceeding on the ground that a contested case hearing pursuant to ORS ch 183 was required. OAR 571-23-015(7). The attorney for the University responded that petitioner's counsel and he had agreed that if the outcome of the conference was not satisfactory to petitioner, then a contested case hearing would be provided on his request. The parties then agreed to proceed.

The conference continued on February 16. On February 26, on the basis of information gathered at the conferences of February 12 and 16, the Director of the Student Health Center determined that petitioner had a "serious mental health problem" which constituted a "substantial threat to the educational process of the University" and ordered him placed on medical leave. The medical leave was suspended, subject to three conditions.[2] Petitioner did not request a contested case hearing.

On April 20, 1981, the conference was again convened to determine whether petitioner had violated the conditions of the order of February 26, 1981. On April 21, 1981, the Acting Director of the Student Health Service found him to have violated one or more of the conditions of the February 26 order and placed him on mandatory medical leave.

---

[2] Petitioner was to (1) see a psychiatrist at the Student Health Center at least once a month, (2) not engage in threatening behavior while on campus and (3) not disrupt classes or the educational process of the University.

Although respondent has not raised the question, we are required, on the face of this record, to determine initially whether we have jurisdiction of this matter. *Northern Ins. Co. v. Conn Organ,* 40 Or App 785, 791, 596 P2d 605, *rev den* 287 Or 507 (1979). Our appellate jurisdiction is limited and springs from statute. *Smallwood v. Erlandson,* 281 Or 699, 701, 576 P2d 374 (1978).

In the present case, the order of the Director placing petitioner on mandatory medical leave was made after a conference as provided in OAR 571-23-015(6). There is no provision, either in the statutes or in the rules, for this court to review a determination made after such a conference. Judicial review would have been available in this court only if the proceeding had been a contested case hearing under ORS ch 183. Here there has not been a contested case hearing; we do not have jurisdiction.[3]

The petition for judicial review is dismissed.

---

[3] All we decide is that the proceeding was not a contested case. Whether petitioner is entitled now to a contested case hearing might still be resolved. See ORS 183.490.