Submitted on briefs May 13, Court of Appeals order vacated, remanded to Court of Appeals July 7, 1982

PATTON,
*Petitioner on review,*
*v.*
STATE BOARD OF HIGHER EDUCATION et al,
*Respondents on review.*
(CA A20930, SC 28648)
647 P2d 931

Charles S. Spinner, Eugene, filed brief for petitioner on review. With him on the brief was Spinner & Young, Eugene.

Richard David Wasserman, Assistant Attorney General, Salem, filed brief for respondents on review. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Professor Peter Swan, University of Oregon Law School, Eugene, on behalf of respondent University of Oregon.

## MEMORANDUM OPINION.

Petitioner, a student at the University of Oregon, was placed on mandatory medical leave pursuant to a university rule.[1] He sought review of this order in the Court of Appeals under ORS 183.482, which provides for judicial review of "contested cases" under the Administrative Procedure Act. The Court of Appeals on its own motion dismissed for want of jurisdiction, 56 Or App 714, 642 P2d 1207 (1982), and petitioner sought review of this dismissal.

---

[1] OAR 571-23-015 provides in part:

"The following procedures shall be followed when the Dean of Student Personnel Services has reason to believe that a student may have a serious medical or mental health disability which substantially threatens the welfare of the individual, other members of the University community or the educational processes of the institution:

"* * * * *

"(6) Conduct of Conference for Medical Determination. At the conference convened pursuant to this notice the Director of the Student Health Center shall refer to reports and recommendations and hear the evidence in an order determined to be best suited to the requirements of the ultimate medical determination. The Director is empowered to request further independent medical or psychiatric examinations of the student which may be relevant to the determination.

"(7) Proceedings under ORS Chapter 183. In any circumstances in which the proceedings for determination of the necessity for medical leave might be required by law to be conducted in accordance with the provisions of ORS Chapter 183 rather than through the conference as provided in section (5) of this rule, the Director of the Student Health Services is authorized as follows:

"(a) To obtain the appropriate assistance and advice of legal counsel in the Director's rulings on evidence and findings of fact;

"* * * * *

"(8) Determination of Director:

"* * * * *

"(b) If, following the proceedings in section (6) or (7), of this rule, the Director of the Student Health Center determines that the student's medical or psychiatric condition substantially threatens the welfare of the individual, of other members of the University community or of the education processes of the institution, the Director will so inform the student and the Dean of Student Personnel Services in writing, and the student will be notified and placed on medical leave by the Director of the Student Health Center."

We assume that the "Director of the Student Health Services" mentioned in paragraph (7) is the same "Director" as the "Director of the Student Health Center" referred to elsewhere in the rule and is the official authorized to order the student's medical leave.

We allow the petition for review and remand the case to the Court of Appeals.

■ ■  The Court of Appeals explained its dismissal as follows:

"In the present case, the order of the Director placing petitioner on mandatory medical leave was made after a conference as provided in OAR 571-23-015(6). There is no provision, either in the statutes or in the rules, for this court to review a determination made after such a conference. Judicial review would have been available in this court only if the proceeding had been a contested case hearing under ORS ch 183. Here there has not been a contested case hearing; we do not have jurisdiction."

56 Or App at 718. In other words, the court believed that its jurisdiction depended on the kind of hearing actually conducted by the agency rather than on whether the proceeding qualified as a "contested case" under the Administrative Procedure Act. This is erroneous.

The Court of Appeals has jurisdiction if a proceeding meets the definition of a "contested case" under any part of ORS 183.310(2), which provides:

"(2)(a) 'Contested case' means a proceeding before an agency:

"(A)  In which the individual legal rights, duties or privileges of specific parties are required by statute or Constitution to be determined only after an agency hearing at which such specific parties are entitled to appear and be heard;

"(B)  Where the agency has discretion to suspend or revoke a right or privilege of a person;

"(C)  For the suspension, revocation or refusal to renew or issue a license where the licensee or applicant for a license demands such hearing; or

"(D)  Where the agency by rule or order provides for hearings substantially of the character required by ORS 183.415, 183.425, 183.450, 183.460 and 183.470.

"(b)  'Contested case' does not include proceedings in which an agency decision rests solely on the result of a test."

A contested case calls for certain administrative procedures, ORS 183.440-183.470. Failure to follow those procedures

in any given case may or may not be reversible error, ORS 183.482(7), but that goes to the merits; it does not control the court's jurisdiction.

Here the Court of Appeals never reached the question whether the controversy qualified as a contested case under any provision of ORS 183.310(2) and thereby placed jurisdiction on review in that court. The court's order dismissing petitioner's petition for review is vacated and the case is remanded to the Court of Appeals for consideration of that question.