Submitted on remand from the Oregon Supreme Court July 7,
reversed and remanded September 29, reconsideration denied November 10,
petition for review denied December 7, 1982 (294 Or 212)

PATTON,
*Petitioner,*
*v.*
STATE BOARD OF HIGHER
EDUCATION et al,
*Respondents.*

(CA A20930)
651 P2d 169

Charles S. Spinner, Eugene, argued the cause for petitioner. With him on the brief was Spinner & Young, Eugene.

Richard David Wasserman, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

This petition for judicial review of an administrative order, that placed petitioner on mandatory medical leave from his studies at the University of Oregon, was previously dismissed by us for lack of jurisdiction. 56 Or App 714, 642 P2d 1207 (1982). We based our decision on a finding that the University had proceeded under an administrative rule that provided for an informal conference rather than for a contested case hearing.

On review the Supreme Court stated:

"A contested case calls for certain administrative procedures * * *. Failure to follow those procedures in any given case may or may not be reversible error, ORS 183.482(7), but that goes to the merits; it does not control the court's jurisdiction." 293 Or 363, 366-67, 647 P2d 931 (1982)

The Supreme Court remanded the proceedings to this court for consideration of the question whether "the controversy qualified as a contested case under any provision of ORS 183.310(2)." After review of the administrative procedure statutes and the Oregon administrative rule governing respondents' authority to place a student on mandatory medical leave, we conclude that petitioner was entitled to a contested case hearing before being placed on leave.

Contested cases include agency proceedings where the agency has discretion to suspend or revoke a right or privilege of a person. ORS 183.310(2)(a)(B). The Director of Student Health Services of the University of Oregon (Director) has the authority, pursuant to OAR 571-23-015(8)(b),[1] to place a student on mandatory medical leave. The Director's decision to do so clearly constitutes a discretionary action that suspends or revokes a student's

---

[1] OAR 571-23-015(8)(b) provides:

"Determination of Director:

"* * * * *

"(b) If, following the proceedings in section (6) or (7) of this rule, the Director of the Student Health Center determines that the student's medical or psychiatric condition substantially threatens the welfare of the individual, of other members of the University community or of the educational processes of the institution, the Director will so inform the student and the Dean of Student Personnel Services in writing, and the student will be notified and placed on medical leave by the Director of the Student Health Center."

privilege to attend the University. Thus, under ORS 183.310(2)(a)(B), a proceeding to place a student on mandatory medical leave is a contested case, and the University must follow the administrative procedures set out in ORS 183.413 to 183.470.

Petitioner's primary contention on appeal is that he was denied his right to a contested case hearing, because the University failed to follow those procedures. Respondents counter that petitioner waived his right to a contested case hearing when he failed to request a new hearing after the informal conference was completed on February 16, 1981. From a review of the record, we find that there was no express waiver by petitioner of his right to a contested case hearing. Counsel for petitioner repeatedly objected to the informality of the proceedings and specifically requested that a contested case hearing be convened. After the Director refused the request, petitioner acceded to the informal procedure but reserved a standing objection to the method of proceeding.

■ When the order was issued on February 26, 1981, placing petitioner on *suspended* mandatory leave,[2] petitioner did not appeal, nor did he request a contested case hearing. We do not find from that, however, that petitioner withdrew his objection or failed to exhaust his administrative remedies, as suggested by respondents. In April, 1981, another hearing was held, and the Director found that petitioner had violated the conditions of his suspended medical leave. An order was issued terminating the suspension and placing petitioner on mandatory medical leave. It is from that order that petitioner appeals. Petitioner's attorney was not present at the April hearing, and there is no indication in the record that petitioner expressed any intent to waive his right to a contested case hearing at that or any other stage of the proceedings. In fact, petitioner vigorously objected to the proceedings, contending that insufficient notice of the hearing was given him or his attorney. Because petitioner made a timely request for a

---

[2] The medical leave was suspended, subject to three conditions: petitioner was to (1) see a psychiatrist at the Student Health Center at least once a month, (2) not engage in threatening behavior while on campus and (3) not disrupt classes or the educational process of the University.

contested case hearing before the agency and that request was repeatedly denied, we find that petitioner effectively exhausted his administrative remedies and did not waive his right to seek judicial review of the University's action. *Marbet v. Portland Gen. Elect.,* 277 Or 447, 456, 561 P2d 154 (1977).

■    Having determined that petitioner was entitled to a contested case hearing and that he did not waive that right, we now turn to the question of whether petitioner was actually afforded a contested case hearing. A review of the record convinces us that, although the procedure followed afforded petitioner some protections of a contested case hearing, significant statutory requirements were not met. The notice of the February hearing makes no reference to "particular sections of the statutes and rules involved," as required by ORS 183.415(2)(c); the notice of the April hearing has the same deficiency. The notice of the February hearing also lacks the "short and plain statement of the matters asserted or charged" required by ORS 183.415(2)(d). The order of February 26, 1981, makes an informal disposition, putting petitioner on probation. OAR 571-23-015 does not provide for such a disposition. It could only be made "by stipulation, agreed settlement, consent order or default" under ORS 183.415(5), none of which occurred here. We, therefore, remand to the agency for a redetermination of the controversy as a contested case hearing under ORS 183.413 *et seq.*[3]

Reversed and remanded.

---

[3] Notice of hearings in this case were served on the petitioner, in each instance, two days before the time set for hearing. ORS 183.415(1) calls for "reasonable notice." Because of our disposition, we need not decide whether two-day notices of hearings are reasonable. Neither do we need to consider whether failure to grant a continuance of the April hearing to permit petitioner's counsel to participate constituted violation of a constitutional provision. ORS 183.482(8)(c).