On respondent state agencies' motions to dismiss filed August 4, 1986, cases
consolidated, both petitions for judicial review dismissed for lack of jurisdiction
March 25, 1987

### PEN-NOR, INC.,
*Petitioner,*

*v.*

### OREGON DEPARTMENT
### OF HIGHER EDUCATION,
aka Oregon State System
of Higher Education et al,
*Respondents.*

(CA A40410; CA A40411)
(Cases consolidated.)

734 P2d 395

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Michael D. Reynolds, Assistant Attorney General, Salem, for the motion.

Charles J. Merten, Portland, contra.

Before Young, Presiding Judge, and Warren and Deits, Judges.

YOUNG, P. J.

## YOUNG, P. J.

Respondents Oregon Department of Higher Education and Oregon State Board of Higher Education (SBHE) move to dismiss two petitions for review for lack of jurisdiction. We consolidate the cases and allow the motions.

Petitioner, a certified minority business enterprise (MBE), submitted bids to prime contractors that had bid on a construction project for Portland State University. The prime contract was awarded to respondent Hyland & Sons, Inc. (Hyland), which did not select petitioner as a subcontractor. Petitioner was orally notified that the respondent state agencies had determined that Hyland had made a "good faith effort" to meet the MBE goals and had awarded it the contract. Petitioner filed two petitions for review challenging that action.

■ In A40410, petitioner seeks review of a "rule," asserting that SBHE adopted a general standard to the effect that a "good faith effort" does not require negotiating with MBEs. In its companion petition (A40411), petitioner purports to seek review of an order, arguing that SBHE's determination that Hyland met the "good faith effort" requirement was a final order subject to review as a contested case.

In A40411, SHBE concedes that the construction contract award to Hyland is an "order" as defined by ORS 183.310(5)(a), which provides:

"'Order' means any agency action expressed orally or in writing directed to a named person or named persons, other than employes, officers or members of an agency. 'Order' includes any agency determination or decision issued in connection with a contested case proceeding. 'Order' includes:

"(A) Agency action under ORS chapter 657 making determination for purposes of unemployment compensation of employes of the state; and

"(B) Agency action under ORS chapter 240 which grants, denies, modifies, suspends or revokes any right or privilege of an employe of the state.

"(b) 'Final order' means final agency action expressed in writing. 'Final order' does not include any tentative or preliminary agency declaration or statement that:

"(A) Precedes final agency action; or

"(B) Does not preclude further agency consideration of the subject matter of the statement or declaration."

If the award is an order, as SBHE concedes, it is also final for purposes of the APA, because it is an "agency action expressed in writing" and is not a tentative or preliminary decision. ORS 183.310(5)(b); *see, e.g., Fitzgerald v. Oregon Bd of Optometry,* 75 Or App 390, 706 P2d 586 (1985).

Our authority to review orders under the APA, however, is limited to those made in contested cases. ORS 183.480 and ORS 183.482. Otherwise, a petitioner must seek review in the circuit court. ORS 183.484. No hearing was provided in this case, even though petitioner requested one. In *Patton v. St. Bd. Higher Ed.,* 293 Or 363, 367, 647 P2d 931 (1982), the court held that our jurisdiction is not determined by whether a contested case hearing was held, but rather by whether the controversy qualified as a contested case under ORS 183.310(2):

"(2)(a) 'Contested case' means a proceeding before an agency:

"(A)   In which the individual legal rights, duties or privileges of specific parties are required by statute or Constitution to be determined only after an agency hearing at which such specific parties are entitled to appear and be heard;

"(B)   Where the agency has discretion to suspend or revoke a right or privilege of a person;

"(C)   For the suspension, revocation or refusal to renew or issue a license where the licensee or applicant for a license demands such hearing; or

"(D)   Where the agency by rule or order provides for hearings substantially of the character required by ORS 183.415, 183.425, 183.450, 183.460 and 183.470.

"(b)   'Contested case' does not include proceedings in which an agency decision rests solely on the result of a test."

■   Petitioner argues that, because the agency is mandated by ORS 279.059[1] to determine whether a general con-

---

[1] ORS 279.059 provides:

"(1)   Whenever a public contracting agency requires a bidder to subcontract some part of the contract or obtain materials to be used in performing the contract to a business enterprise that is a minority or women business enterprise, the agency shall award the contract, if one is awarded, to the lowest qualified bidder who has met the minority business enterprise or women business enterprise goal established by the public contracting agency or who has made a good faith effort prior to the time bids are opened to comply with the subcontracting or material

tractor has met nine statutory criteria in determining whether good faith has been exercised, an MBE which is economically injured by the agency's decision is entitled to a contested case hearing. Petitioner does not state what category of contested case it believes it falls into; rather it cites *Patton v. St. Bd. Higher Ed., supra,* for its contention. In *Patton,* the petitioner's claim fell within ORS 183.310(2)(a)(B), because the director of student health services had placed the petitioner on mandatory medical leave, which constituted suspending or revoking the student's privilege to attend the university. *See Patton v. St. Bd. Higher Ed.,* 59 Or App 477, 480, 651 P2d 169 (1982). In this case, no specific right or privilege was revoked. The process simply failed to yield petitioner a subcontract. ORS 183.310(2)(a)(B) does not apply to petitioner's claim in

---

supplied requirement.

"(2) Performing all of the following actions by a bidder constitute a rebuttable presumption that the bidder has made a good faith effort to satisfy the subcontracting requirement described in subsection (1) of this section:

"(a) The bidder attended any presolicitation or prebid meetings that were scheduled by the contracting agency to inform minority and women business enterprises of contracting and subcontracting or material supply opportunities available on the project;

"(b) The bidder identified and selected specific economically feasible units of the project to be performed by minority and women business enterprises in order to increase the likelihood of participation by such enterprises;

"(c) The bidder advertised in general circulation, trade association, minority and trade oriented, women-focus publications, if any, concerning the subcontracting or material supply opportunities;

"(d) The bidder provided written notice to a reasonable number of specific minority and women business enterprises, identified from a list of certified minority and women business enterprises provided or maintained by the Department of Transportation, soliciting bids for the selected subcontracting or material supply work, in sufficient time to allow the enterprise to participate effectively;

"(e) The bidder followed up initial solicitations of interest by contacting the enterprises to determine with certainty whether the enterprises were interested;

"(f) The bidder provided interested minority and women business enterprises with adequate information about the plans, specifications and requirements for the selected subcontracting or material supply work;

"(g) The bidder negotiated in good faith with the enterprises, and did not without justifiable reason reject as unsatisfactory bids prepared by any minority and women business enterprises;

"(h) Where applicable, the bidder advised and made efforts to assist interested minority and women business enterprises in obtaining bonding, lines of credit or insurance required by the contracting agency or contractor; and

"(i) The bidder's efforts to obtain minority and women business enterprise participation were reasonably expected to produce a level of participation sufficient to meet the goals or requirement of the public contracting agency."

this case. Petitioner does not assert that its case falls within any of the other contested case categories, and the facts do not indicate that it does. We conclude, therefore, that we lack jurisdiction to review SBHE's action under ORS 183.480 and ORS 183.482.[2]

In A40410, petitioner argues that SBHE adopted a rule subject to our review under ORS 183.400, which provides in relevant part:

> "(1)   The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases. The court shall have jurisdiction to review the validity of the rule whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question, but not when the petitioner is a party to an order or a contested case in which the validity of the rule may be determined by a court.

> "(2)   The validity of any applicable rule may also be determined by a court, upon review of an order in any manner provided by law or pursuant to ORS 183.480 or upon enforcement of such rule or order in the manner provided by law."

SBHE argues that, even if its decision amounts to a rule, we do not have jurisdiction, because the last sentence of subsection (1) specifically provides that, when the validity of a rule may be determined by a court as part of the review of an order issued by an agency, then the Court of Appeals lacks jurisdiction to review the rule's validity.

■ ■   SBHE does not address the question whether its action is a rule. ORS 183.310(8) defines a rule as

> "any agency directive, standard, regulation or statement of general applicability that implements, interprets or prescribes law or policy or describes the procedure or practice requirements of any agency. The term includes the amendment or repeal of a prior rule * * *."

The definition of "rule" requires that the agency's action be of

---

[2] Petitioner filed a complaint in circuit court as a class action for declaratory relief and individually for review of an order in other than a contested case. ORS 183.480 and 183.484. An affidavit by petitioner's attorney states that the circuit court dismissed the complaint on the ground that Pen-Nor, Inc., lacked standing. The affidavit does not make clear whether that holding applies just to the class action claim or to the APA claim as well. The record does not show whether petitioner appealed that decision.

general applicability. In *Burke v. Children's Services Division,* 288 Or 533, 537, 607 P2d 141 (1980), the court held that the directive or statement by CSD adopting a day care payment program benefiting the public constituted a rule within the meaning of the APA. Presumably, that agency determination was considered generally applicable, because it applied to all persons subject to day care payment benefits. In this case, the order applies specifically to one entity, Hyland. In *Burke,* CSD adopted the day care payment program and then announced it to program participants. That is unlike this case, in which the order is directed to a specific person or entity; if a policy decision occurred it pertained only to that immediate set of facts. That distinction supports a conclusion that SBHE's statutory interpetation is not of "general applicability," as that term is used in ORS 183.310(8). We do not have jurisdiction under ORS 183.400 to review SBHE's action.

Cases consolidated; both petitions for judicial review dismissed for lack of jurisdiction.