Argued and submitted July 24, 1992, petition for judicial review dismissed
July 14, 1993

## MERCY MEDICAL CENTER, INC.,
*Petitioner,*

*v.*

## OFFICE OF HEALTH POLICY,
*Respondent.*

(CA A72242)

855 P2d 1156

Thomas H. Nelson, Portland, argued the cause for petitioner. With him on the brief was Stoel Rives Boley Jones & Grey, Portland.

Jas. Adams, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

De MUNIZ, J.

---

* Leeson, J., *vice* Buttler, J., retired.

## De MUNIZ, J.

Petitioner seeks judicial review of two orders of the Office of Health Policy (OHP). OHP challenges our jurisdiction. Because we conclude that the controversy below is not a "contested case" within the meaning of ORS 183.310(2), *Patton v. St. Bd. Higher Ed.*, 293 Or 363, 647 P2d 931 (1982), we dismiss the petition for lack of jurisdiction.

Petitioner operates a hospital that provides magnetic resonance imaging (MRI) services in the Roseburg area. It obtained a certificate of need to acquire that equipment in 1987. Douglas Community Hospital (Douglas) is a competitor of petitioner. Douglas became interested in obtaining equipment with which it could provide MRI services at its own facility, which is also located in Roseburg.

Oregon Laws 1989, chapter 1034, section 9, *amended by* Oregon Laws 1991, chapter 470, section 10, (the Act) provides:[1]

> "Any hospital seeking to add new institutional health services, as defined in ORS 442.015, or any health care facility or person seeking to acquire major medical equipment, as defined in ORS 442.015, shall file a letter of intent. If the annual operating expenses of the new institutional health service exceed $500,000 or the price of the new major medical equipment exceeds $1 million, the hospital, facility or person shall obtain a certificate of need from the state agency."

Applicable administrative rules provide that a hospital, health care facility or person seeking to implement a proposal that falls within the scope of the Act must send a letter of intent to OHP. OAR 409-04-005(2).[2] OHP reviews the letter of intent to determine "whether or not the proposed project is subject to the certificate of need law." OAR 409-04-015(1).[3]

---

[1] The Act is not codified but has been published as a note following ORS 442.315.

[2] ORS 442.015(17) defines institutional health services to mean "health services provided in or through" a hospital. ORS 442.015(22) defines major medical equipment to mean "medical equipment which is used to provide medical and other health services and which costs more than $1 million." OAR 409-04-005(1) provides that hospitals must supply letters of intent if they seek to add new institutional health services or to acquire "potentially" major medical equipment.

[3] OHP is the "decision-making authority for the purpose of certificates of need." ORS 442.315(4). *See also* ORS 442.015(26) and OAR 409-01-000. It is

One of the issues OHP must resolve in making that determination is whether the annual operating expenses of the new institutional health service exceed $500,000 or whether the price of the new major medical equipment exceeds $1 million.

Douglas filed a letter of intent with OHP, in which it outlined its proposal to provide MRI services. It estimated the capital expenditure, not including interest, to be $975,480. In a letter dated September 10, 1991, OHP concluded that Douglas' project is not subject to the certificate of need review process, because it

> "does not involve the acquisition of major medical equipment with a price of more than $1,000,000 or a new institutional health service with annual operating expenses in excess of $500,000."

OHP sent petitioner a copy of the September 10, 1991, order. Petitioner filed a request for reconsideration of OHP's decision. In a letter dated October 29, 1991, OHP denied the petition for reconsideration.

Petitioner seeks review of both the September 10 and October 29 orders. However, because ORS 183.482 limits our authority to review of "contested cases," we must determine whether the controversy about whether the project exceeds the statutorily imposed dollar limits qualifies as a contested case under ORS 183.310(2). *Patton v. St. Bd. Higher Ed., supra.*[4]

■ Petitioner relies on ORS 183.310(2)(a)(A), which provides that a contested case is one in which

> "individual legal rights, duties or privileges of specific parties are required by statute or Constitution to be determined only after an agency hearing at which such specific parties are entitled to appear and be heard."

Petitioner argues that the controversy qualifies as a contested case, because a statute and the federal constitution

---

apparently a successor to the State Health Planning and Development Agency. *See Merle West Medical Center v. SHPDA*, 94 Or App 148, 764 P2d 613 (1988).

[4] *See also Patton v. St. Bd. Higher Ed.*, 59 Or App 477, 651 P2d 169, *rev den* 294 Or 212 (1982).

require OHP to determine petitioner's and Douglas' legal rights, duties or privileges after a hearing to determine whether Douglas' project exceeds the Act's financial threshold.

We first resolve the statutory argument. Petitioner draws our attention to the term "decision," in ORS 442.315(5),[5] and argues that the legislature intended it to mean the decision about whether a project is either above or below the financial threshold established in the Act. OHP argues that "decision" means the decision either to issue or not to issue a certificate of need in those cases in which an entity must obtain one. We agree with OHP.

The statute provides that OHP must first make a "proposed decision." ORS 442.315(5)(a). An "applicant or any affected person who is dissatisfied" with OHP's proposed decision is entitled to "an informal hearing * * * before a final decision is rendered." ORS 442.315(5)(a). After OHP makes a final decision, an "applicant or any affected person may request a reconsideration hearing pursuant to ORS 183.310 to 183.550." ORS 442.315(5)(b). In any proceeding challenging OHP's "decision under this subsection," OHP is directed to "follow procedures consistent with the provisions of ORS 183.310 to 183.550 relating to a contested case." ORS 442.315(5)(c).

To determine what the legislature intended "decision" to mean, ORS 442.315(5) must be read in context with ORS 442.315(1), which provides in part:

> "Any new hospital or new skilled nursing or intermediate care service or facility * * * *shall obtain* a certificate of need from [OHP] prior to an offering or development." (Emphasis supplied.)

---

[5] ORS 442.315(5) provides:

"(a) An applicant or any affected person who is dissatisfied with the proposed decision of the state agency is entitled to an informal hearing in the course of review and before a final decision is rendered.

"(b) Following a final decision being rendered by the state agency, an applicant or any affected person may request a reconsideration hearing pursuant to ORS 183.310 to 183.550.

"(c) In any proceeding brought by an affected person, an applicant challenging a state agency decision under this subsection, the state agency shall follow procedures consistent with the provisions of ORS 183.310 to 183.550 relating to a contested case."

ORS 442.315(1) provides that all new entities within its scope *shall obtain* a certificate of need. As to those applicants, OHP must respond first by making a "proposed decision" and then by making a "final decision" to issue or not to issue a certificate of need. OHP is required to hold a contested case hearing only if its final decision is challenged. By contrast, the Act provides that an *existing* entity is required to obtain a certificate of need *only* if its project exceeds a financial threshold established in the Act. OHP found that Douglas' project did not exceed the financial threshold in the Act. Consequently, OHP never made any decision, proposed or final, about whether it should issue a certificate of need, because it concluded that Douglas did not need to obtain one. Petitioner's reliance on ORS 442.315(5) is therefore misplaced, because the procedures in that statute do not come into play when OHP is making the preliminary decision about whether an existing entity's project exceeds the Act's financial threshold.

■ Petitioner also contends that the federal constitution requires OHP to conduct a contested case hearing before issuing orders of the type challenged here. Specifically, petitioner argues that OHP's orders deprived it of property without due process of law in violation of the Fourteenth Amendment. *See Goss v. Lopez*, 419 US 565, 95 S Ct 729, 42 L Ed 2d 725 (1975).

Petitioner asserts that ORS 442.025 gives a current holder of a certificate of need "a legislatively created property interest in being free from destructive, duplicative, and wasteful competition" and a "legal right to be free of uneconomic competition." Petitioner also describes its property interest as the right "to be the sole provider of hospital-based MRI services in Roseburg."

ORS 442.025 contains broad policy findings, in which the legislature identifies various problems associated with reasonable public access to quality health care at a reasonable cost. One of those problems is "[i]nsufficient or inappropriate use of existing capacity [and] duplicated services." ORS 442.025(2)(e). However, it is also worth noting that the legislature declared that "hospital costs should be contained through improved competition between hospitals." ORS 442.025(6).

In *Board of Regents v. Roth*, 408 US 564, 92 S Ct 2701, 33 L Ed 2d 548 (1972), the Court said:

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." 408 US at 577.

The authority petitioner cites is a slender reed on which to support its contention that the legislature created an entitlement to a government sanctioned monopoly. The statutory scheme gives petitioner, at best, a unilateral expectation that it will be allowed to continue its *de facto* monopoly in MRI services until OHP decides to issue a certificate of need to a competitor or until a competitor provides MRI services at a cost that does not require it to obtain a certificate of need.[6] OHP's orders did not deprive petitioner of any property interest. Consequently, the federal constitution does not require that petitioner's or Douglas' legal rights, duties or privilege be determined in a contested case proceeding.

In summary, petitioner has failed to demonstrate that either a statute or the federal constitution requires OHP to resolve the issue of whether Douglas' proposed project exceeds the minimum financial threshold in the Act in a contested case proceeding. *See* ORS 183.310(2)(a)(A). Because the controversy does not qualify as a contested case, we do not have authority to review the orders under ORS 183.482.

Petition for judicial review dismissed.

---

[6] We do not suggest that the state could revoke petitioner's certificate of need without a contested case proceeding if petitioner requested one. *See* ORS 183.310(2)(a)(C). ORS 442.325(6) provides that OHP may not revoke or rescind a certificate of need "unless it was acquired by fraud or deceit." The certificate of need constitutes state permission for petitioner to pursue a commercial activity. However, petitioner's interest in the continuing pursuit of its own commercial activity is not the same thing as petitioner's interest in precluding others from pursuing the same commercial activity.