174 P.3d 1120 (2007)
217 Or. App. 172
Mary P. ROOKLIDGE, Petitioner-Appellant,
v.
DRIVER AND MOTOR VEHICLE SERVICES BRANCH OF the OREGON DEPARTMENT OF TRANSPORTATION (DMV), and North Pacific Insurance (NPI), Respondents-Respondents.
020909052; A122472.
Court of Appeals of Oregon.
Submitted on Record and Briefs August 2, 2007.
Decided December 26, 2007.
*1122 Mary Rooklidge filed the briefs pro se.
Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Michael C. Livingston, Assistant Attorney General, filed the brief for respondent Driver and Motor Vehicle Services Branch of the Oregon Department of Transportation.
Thomas H. Johnson, Portland, filed the brief for respondent North Pacific Insurance.
Before EDMONDS, Presiding Judge, and WOLLHEIM and SERCOMBE, Judges.
EDMONDS, P.J.
Petitioner sought review of an order from the Oregon Department of Transportation, Driver and Motor Vehicle Services Division (DMV), in circuit court. The circuit court reviewed the order as a final order in other than a contested case pursuant to ORS 183.484 and rejected petitioner's challenges. On appeal, petitioner asserts eight claims of error. However, we write to address only whether petitioner is entitled to a contested case proceeding. Because we conclude that petitioner is entitled to a contested case proceeding, we vacate the circuit court's judgment and remand the case to DMV.
Petitioner was involved in an automobile accident. The person who struck petitioner's vehicle, a 1981 Datsun, was insured by North Pacific Insurance Company. After admitting liability on behalf of its insured, North Pacific determined that petitioner's vehicle was a "total loss" based on "the Actual Cash Value of [the] vehicle at the time of the loss as compared to the Repair cost to repair [the] vehicle safely to pre-loss condition." As required by Oregon statute, North Pacific notified DMV of its determination.
In response to North Pacific's notification, DMV placed a "flag 15" on its records of petitioner's title pursuant to ORS 819.030 and ORS 801.527. A "flag 15" is a DMV internal notice indicating that a vehicle has been declared a total loss and that no ownership information involving the vehicle has been received by DMV. In late June, DMV sent petitioner a letter, in response to her queries, informing her that ORS 819.030 required it to cancel her title and registration upon receiving notification that the vehicle had been declared a total loss. A "totaled" vehicle is defined as "[a] vehicle that is declared a total loss by an insurer that is obligated to cover the loss or that the insurer takes possession of or title to." ORS 801.527(1). Petitioner then sent a letter to DMV in early July requesting a contested case proceeding under the Oregon Administrative Procedures Act (APA) regarding whether her vehicle was properly declared "totaled." She additionally requested reconsideration of the June letter, asserting, "I should be afforded a right to the review of your flagging of my vehicular records." In its response, DMV refused her request for a contested case proceeding and reiterated that "[n]o further registration will be issued *1123 to the vehicle until the vehicle has been retitled."
Petitioner sought judicial review of DMV's actions in circuit court, asserting that she was entitled to a contested case proceeding before DMV. Petitioner asserted, in part, that DMV's actions violated applicable law and were unconstitutional. Petitioner filed her petition for judicial review on September 9, 2002, 74 days after DMV sent the June letter and 60 days after DMV sent the July response. The circuit court concluded that DMV's June letter was an "`other than contested case' order" and that the petition for review of that order was timely filed. Specifically, the court reasoned that the petition was timely filed because petitioner's July letter requesting a contested case proceeding also requested reconsideration of DMV's June order. Thus, in its view, the filing deadline was extended to September 9, 60 days after service of DMV's July order denying reconsideration. After review, the circuit court entered a judgment dismissing North Pacific as a party for misjoinder and affirming DMV's order. Petitioner appeals from that judgment, arguing, in part, that she was entitled to a contested case proceeding before DMV.
Before discussing the issues raised on appeal in depth, we make some general observations. ORS 183.484 confers jurisdiction of judicial review of final orders of an agency in "other than contested cases" in the circuit court. But, if petitioner's argument that she was entitled to a contested case proceeding before DMV is correct, then the circuit court lacked jurisdiction to review the case because ORS 183.482 confers initial jurisdiction for judicial review of contested cases in this court only. That would mean that the circuit court's rulings are nullities because of lack of jurisdiction and that petitioner challenged DMV's actions in the wrong court. However, under ORS 14.165(1),[1] this court has jurisdiction even if the petition for judicial review was improperly filed in circuit court. Wheaton v. Kulongoski, 209 Or.App. 355, 369, 147 P.3d 1163 (2006). Under the terms of ORS 14.165(7),[2] if a party wrongly files an action or proceeding in either the circuit court or this court, and does so reasonably and without prejudicing an adverse interest or the public interest, the tribunal with authority to decide the case is not deprived of jurisdiction to decide it.[3] As in Wheaton, this case comes to us through a timely filed notice of appeal of the circuit court judgment, but, if petitioner is entitled to a contested case proceeding, that proceeding has not been provided by the agency.[4] *1124 Under the circumstances, the appropriate disposition for this court would be to vacate the circuit court judgment and give petitioner the relief she would have received had she sought timely review from a contested case order in this courta remand to the agency to offer petitioner the opportunity for a contested case proceeding. Wheaton, 209 Or.App. at 371, 147 P.3d 1163. Based on the above framework, there are two issues that we must decide to determine whether we should remand for a contested case proceeding: first, whether DMV's letters are "final orders" for purposes of a contested case; and second, whether petitioner was entitled to a contested case proceeding regarding those orders.
The APA provides judicial review only for final orders, unless it is demonstrated that the agency is "proceeding without probable cause" or that "the party will suffer substantial and irreparable harm if interlocutory relief is not granted." ORS 183.480(3). An order is "any agency action expressed orally or in writing directed to a named person or named persons, other than employees, officers or members of an agency." ORS 183.310(6)(a). A final order embodies "final agency action expressed in writing[,]" but not including any "tentative or preliminary agency declaration or statement that * * * [p]recedes final agency action; or * * * [d]oes not preclude further agency consideration of the subject matter of the statement or declaration." ORS 183.310(6)(b).
In that light, we turn to the facts of this case. DMV's June letter was sent to petitioner "in response to [petitioner's] questions regarding North Pacific Insurance Company declaring [her] vehicle as `totaled.'" That letter explained that "[n]o further registration will be issued to the vehicle until the vehicle has been retitled." Petitioner responded, in her July letter, with a request for a contested case proceeding: "I * * * formally request in writing that I be afforded either an administrative appeal from or a contested hearing on the third-party totaling of my vehicle by North Pacific Insurance Company * * *." Petitioner additionally requested reconsideration of the decision made in DMV's June letter: "I should be afforded a right to the review of your flagging of my vehicular records * * *." DMV's July response to petitioner's requests stated, "We are unable to comply with your request for a contested case hearing regarding your vehicle being declared a `totaled' vehicle," and it reiterated that "[n]o further registration will be issued to the vehicle until the vehicle has been retitled."
We conclude that both letters are "orders" within the statutory definition because they express agency action in writing directed to a named person. Specifically, the June letter informed petitioner of DMV's decision that her title was subject to cancellation and that "[n]o further registration will be issued to the vehicle until the vehicle has been retitled." And, the June letter constituted a final order because the above statement "preclude[d] further agency consideration of the subject matter of the statement or declaration." ORS 183.310(6)(b). That is, the June letter informed petitioner in part that no further agency action would take place to determine whether she would be allowed to renew her registration. When petitioner requested a contested case proceeding in response to that letter, DMV's July response informed her unequivocally that "[w]e are unable to comply with your request for a contested case hearing * * *."
We now turn to the issue of whether petitioner was entitled to a contested case proceeding. A proceeding is a contested case proceeding if it satisfies one of four definitions set forth in ORS 183.310(2)(a) and does not fall within the definitional exception in ORS 183.310(2)(b). A contested case includes a proceeding before an agency

*1125 "[i]n which the individual legal rights, duties or privileges of specific parties are required by statute or Constitution to be determined only after an agency hearing at which such specific parties are entitled to appear and be heard[.]"
ORS 183.310(2)(a)(A). It is important to note that the characterization of the DMV order as either a "contested case" order or an "order[ ][in] other than [a] contested case[ ]" depends not on whether the agency actually provided petitioner with a contested case proceeding, but on whether the agency was required by a statutory provision to do so. Patton v. St. Bd. Higher Ed., 293 Or. 363, 366-67, 647 P.2d 931 (1982); Wheaton, 209 Or.App. at 361, 147 P.3d 1163.
In this case, petitioner has a right to a contested case proceeding under ORS 183.310(2)(a)(A) because ORS 809.100 requires a hearing when the Department of Transportation proposes to cancel or refuses to renew a vehicle's title or registration:
"When the Department of Transportation proposes to cancel or refuse to issue or renew title or registration, opportunity for hearing shall be accorded as provided in ORS chapter 183."
ORS 809.100(1). Here, both the June and July letters unequivocally stated that DMV was canceling petitioner's title and would not renew her registration.[5] In sum, the plain text of ORS 809.100, when read together with ORS 183.310(2)(a)(A), would appear to compel the conclusion that DMV was required to provide the requested contested case proceeding after taking the above actions.[6]See PGE v. Bureau of Labor and Industries, 317 Or. 606, 610, 859 P.2d 1143 (1993) (the first step in statutory construction is to consider the text and context of the statute); see also Wheaton, 209 Or.App. at 361, 147 P.3d 1163 (concluding that ORS 411.095(3) together with ORS 183.310(2)(a)(A) provide a right to a contested case proceeding because ORS 411.095(3) states that, in certain situations, the Department of Human Services "shall provide an opportunity for a hearing under ORS chapter 183"); OAR XXX-XXX-XXXX(1)(n) (a petitioner has the right to a contested case proceeding when "[t]he right to a hearing is otherwise provided by statute or rule").
*1126 Nevertheless, it could be argued that ORS 183.310(2)(b) excludes the proceeding at issue from the definition of a contested case. That subsection carves out from the definition of contested cases "proceedings in which an agency decision rests solely on the result of a test." ORS 183.310(2)(b). Specifically, it could be argued that DMV's order "rests solely on the result of a test" because ORS 801.527 limits DMV's inquiry to whether or not the Datsun was "declared a total loss by an insurer that is obligated to cover the loss * * *."
To determine the scope of the statutory exception, it is necessary to apply the statutory construction methodology set forth in PGE: first, we examine the statutory text in context to determine if it is ambiguous; second, if the statutory text is ambiguous, we examine the legislative history to resolve the ambiguity; and third, if the statutory text remains ambiguous, then we resort to canons of construction. 317 Or. at 610-12, 859 P.2d 1143. "Ambiguity" is a term of art that means there are at least two reasonable interpretations of the statutory terms. State v. Cooper, 319 Or. 162, 167, 874 P.2d 822 (1994). A "reasonable interpretation" is an interpretation that is not "wholly implausible." Owens v. MVD, 319 Or. 259, 268, 875 P.2d 463 (1994).
In the first stage of our statutory construction analysis, we conclude that the use of the word "test" in ORS 183.310(2)(b) is ambiguous because there are two reasonable interpretations. In construing the text and context, we first look to the "plain, natural, and ordinary meaning" of words. PGE, 317 Or. at 611, 859 P.2d 1143. First, in ordinary usage, the word "test" could describe any type of standardized analysis. Webster's Third New Int'l Dictionary 2361-62 (unabridged ed. 2002) (a "test" is "an act or process that reveals inherent qualities"). Using that definition, the statutory procedure to determine whether a vehicle is totaled falls squarely within the exception from a contested case proceeding. Alternatively, the ordinary usage of "test" could refer to a standardized test of a person's qualificationssuch as the bar examination. Id. (a "test" is also "a technique for measuring objectively an individual's personal characteristics, potentialities, or accomplishments"). Under that definition of the word "test," the procedure used by DMV to "total" a vehicle would fall outside the scope of the exception and entitle petitioner to a contested case proceeding. Because neither interpretation is "wholly implausible," we proceed to the second stage of statutory constructionthe legislative history underlying ORS 183.310(2).
The legislative history of ORS 183.310(2)(b) resolves the ambiguity. In a discussion by Subcommittee Three of the House Judiciary Committee, a question was posed as to whether the word "test" was intended to mean a "written examination." Tape Recording, House Judiciary Committee, Subcommittee 3, HB 2497, Apr. 5, 1979, Tape 38, Side 2. Chairman Frohnmayer explained that
"the word comes from the Federal APA which excluded proceedings based upon test, inspections. * * * The reason is that * * * the best way to determine whether or not the person has failed the test is to retake the test or inspection and not to use a proceeding which is an adversary adjudicatory factfinding model to redetermine that issue."
Id. Thus, the legislative history indicates that the legislature intended the scope of the exception set out in ORS 183.310(2)(b) to be limited to the circumstances when "the best way to determine whether or not the person has failed the test is to retake the test * * *." Here, there was no test that petitioner could retake to obtain the registration of her vehicle or to avoid the cancellation of her title; rather, DMV's decision was final.
We conclude for the above reasons that DMV's June and July letters are final orders, that this court, pursuant to ORS 14.165(7), has jurisdiction to review those orders, and that petitioner is entitled to a contested case proceeding regarding those orders. However, because we do not have the benefit of a final administrative order issued after a contested case proceeding, the matter must be remanded to the agency.
*1127 Judgment vacated; remanded to the circuit court with instructions to remand to Department of Transportation, Motor Vehicle Services Division.
NOTES
[1] ORS 14.165(1) provides:

"If an action or other proceeding against a public body is filed in circuit court and the circuit court does not have authority to decide the case, the circuit court shall:
"(a) Transfer the case to the court or tribunal authorized by law to decide the case if the circuit court determines that another court or tribunal is authorized by law to decide the case;
"(b) Refer the question to the Court of Appeals if the circuit court is in doubt whether there is another court or tribunal authorized by law to decide the case; or
"(c) Dismiss the action or proceeding if the circuit court determines that no other court or tribunal is authorized by law to decide the case."
[2] ORS 14.165(7) provides:

"If an action or proceeding against a public body is filed in circuit court or the Court of Appeals based on a reasonable interpretation of law, and the circuit court or the Court of Appeals determines that the case should be transferred under this section, the case shall be transferred to the appropriate court or tribunal in the manner provided by this section and may not be dismissed as not being filed within the time allowed by law if:
"(a) Under the interpretation of law made by the person filing the action or proceeding, the action or proceeding was filed in the proper court;
"(b) Under the interpretation of law made by the person filing the action or proceeding, the action or proceeding was timely filed in the transferring court; and
"(c) Any delay caused by the failure to file the action or proceeding within the time allowed for filing in the receiving court or tribunal does not substantially prejudice an adverse interest or public interest."
[3] DMV does not argue that we are without jurisdiction to decide whether petitioner was entitled to a contested case proceeding.
[4] DMV argues that, if its letters are final orders in other than a contested case, the circuit court did not have jurisdiction to review the June letter because petitioner did not file a timely petition for judicial review of that letter and the circuit court's review of the July letter was limited to whether DMV erred in denying petitioner's request for a contested case proceeding. We conclude, however, that petitioner's appeal was timely for two reasons. First, it was timely because petitioner requested reconsideration of DMV's June order, thereby extending the filing date for judicial review to 60 days after service of the order denying reconsideration. ORS 183.484. Second, it was timely because the July letter's denial of petitioner's request for a contested case proceeding was an appealable final order and petitioner filed her petition for review within the 60 days allowed under ORS 183.484.
[5] Specifically, DMV's June letter stated, in part, that

"ORS 819.030 requires DMV to comply with procedures, upon receiving notice that the vehicle has been declared totaled in accordance with the provisions of ORS 819.010, 819.012 or 819.014. Those procedures require us to cancel the title and registration unless the vehicle is registered or titled as an assembled, reconstructed or replica vehicle.
"You are now in violation of ORS 819.012 for failure to surrender the certificate of title for the vehicle either to the Department of Transportation or to the insurer. The offense for failure to comply with procedures for a totaled vehicle is a Class A misdemeanor. Although DMV is only an administrative agency and does not issue citations for failure to comply, you are subject to law enforcement citing you.
"You must surrender the title to DMV. You do not need to apply for a salvage title. You may apply for a `branded' Oregon Certificate of Title. You must submit the following:
 Application for Oregon Title and Registration, Form 226;
 Oregon Certificate of Title number XXXXXXXXXX;
 Vehicle Identification Number Inspection, Form 11 (The vehicle must have a vehicle identification number inspection. The inspection may be performed at any full-service Oregon DMV field office);
 A certification of either reconstructed, assembled or replica vehicle (Information may be found on the reverse of the application for title. If the vehicle still primarily resembles a 1981 Datsun, the vehicle will be titled with the notation of Totaled  Reconstructed.); and
 $30 title fee.
"No further registration will be issued to the vehicle until the vehicle has been retitled."
(Boldface in original.) DMV's July letter then reiterated, "No further registration will be issued to the vehicle until the vehicle has been retitled. Presently, the vehicle's registration expires August 31, 2003."
[6] It is important to note that, while orders may be issued either in contested cases or in "other than contested cases," Oregon Env. Council v. Oregon State Bd. of Ed., 307 Or. 30, 37, 761 P.2d 1322 (1988), the APA does not require a hearing when an agency issues an order in other than a contested case. Thus, when ORS 809.100 requires an "opportunity for hearing * * * as provided in ORS chapter 183" it necessarily is referring to a hearing where the parties are entitled to appear and be hearda contested case proceeding.