Argued May 26, reversed and remanded August 2, reconsideration denied
September 8, petition for review denied September 21, 1976

STEPHEN M. KESSLER, *Petitioner,*

*v.*

OREGON CORRECTIONS DIVISION, *Respondent.*

(CA 5223)

552 P2d 589

*S. Lynn Parkinson,* Portland, argued the cause for petitioner. On the brief were Steenson, Parkinson & Lea, Portland.

*Al J. Laue,* Assistant Attorney General, Salem,

argued the cause for respondent. With him on the brief were W. Michael Gillette, Solicitor General, and Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Petitioner was an inmate of the Oregon State Penitentiary. Following an administrative hearing, petitioner was transferred to a maximum security institution outside the State of Oregon. The procedures used to transfer petitioner from the Oregon State Penitentiary had not been adopted in compliance with the Oregon Administrative Procedures Act (APA), ORS 183.310 et seq.[1]

The "rules" of an agency must be adopted in accordance with the APA rule-making provisions. A "rule" means:

"* * * any agency directive, regulation or statement of general applicability that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of any agency. The term includes the amendment or repeal of a prior rule, but does not include:

"(a) Internal management directives, regulations or statements between agencies, or their officers or their employes, or within an agency, between its officers or between employes, unless hearing is required by statute, or action by agencies directed to other agencies or other units of government." ORS 183.310(7)(a).

Petitioner contends that respondent's transfer procedures are invalid "rules" because they were not properly adopted. Therefore, he says, the order transferring him out of state should be vacated. Respondent contends that its statement relating to the interstate transfer of inmates is exempt from the rule-making requirements of the APA since it is an "internal management directive."

■ In a different factual context, in *Burke v. Children's Serv. Div.,* 26 Or App 145, 552 P2d 592 (1976), the

---

[1]The procedures adopted by the Corrections Division for interstate transfer of inmates specify when the procedures are to be used, what may be done prior to notice and a hearing, and how the hearing is to be conducted. The hearing procedures contain provisions for notice, a record, a hearing, witnesses and confrontation, a decision and order, and review of the status of an inmate.

similar contentions were made by the parties. There we listed cases illustrating the types of decisions, orders and bulletins which fall within the exemption for "internal management directives." We interpreted that phrase narrowly. The statement of procedures in question here does not fit within that interpretation.[2] Although respondent's procedures for interstate transfer of inmates spell out the duties of the superintendent and his staff in accomplishing such a transfer, the effect is not solely on the agency and its personnel. The procedures also spell out certain rights reserved to the inmates. Furthermore, the procedures have a general applicability. The disputed statement itself declares:

> "This procedure is only to be utilized when a superintendent determines that the best interest of the institution's *entire population and the public* will be served by transfer * * * of an inmate." (Emphasis supplied.)

Consequently, we agree with petitioner that the procedures in question are "rules" and that they are invalid because they were adopted without compliance with applicable rule-making procedures.

■ There is some indication that a motivating force behind adoption of the procedures in question was a concern that pretransfer hearings are required by the Fourteenth Amendment to the United States Constitution. It is now clear that they are not. The United States Supreme Court has recently held in two cases that a state prisoner does not have a due process right to a hearing in connection with a transfer to another institution. *Meachum v. Fano,* 427 US 215, 96 S Ct 2532, 49 L Ed 2d 451 (1976); *Montanye v. Haymes,* 427 US 236, 96 S Ct 2543, 49 L Ed 2d 466 (1976). Although both cases involve intrastate transfers, the underlying

---

[2] New York interprets the phrase "internal management" much more broadly. In that jurisdiction, in a situation analogous to this one, a contrary result would be reached. *See, Mtr. of Schuyler v. State Univ.,* 31 App Div2d 273, 297 NYS2d 368 (1969); *Boling v. Rockefeller,* 52 Misc2d 745, 277 NYS2d 168 (Sup Ct 1967).

rationale applies equally to interstate transfers. In *Meachum* the court stated:

> "Neither, in our view, does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose. That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules.
>
> "* * * * *
>
> "A prisoner's behavior may precipitate a transfer; and absent such behavior, perhaps transfer would not take place at all. But, as we have said, Massachusetts prison officials have the discretion to transfer prisoners for any number of reasons. Their discretion is not limited to instances of serious misconduct. As we understand it no legal interest or right of these respondents under Massachusetts law would have been violated by their transfer whether or not their misconduct had been proved in accordance with procedures that might be required by the Due Process Clause in other circumstances. Whatever expectation the prisoner may have in remaining at a particular prison so long as he behaves himself, it is too ephemeral and insubstantial to trigger procedural due process protections as long as prison officials have discretion to transfer him for whatever reason or for no reason at all." 427 US at 225, 228.

■ Although our statutes do not mandate pretransfer hearings, respondent has the power to provide for them. ORS 423.060.[3] However, if respondent decides that prudent prison administration requires pretransfer hearings, it must adopt appropriate rules in compliance with the APA. If, in view of *Meachum v. Fano,*

---

[3] ORS 423.060 provides:

"In order to carry out the programs and responsibilities of the division, the administrator shall promulgate rules for the administration of the division and its institutions, schools, programs and services."

supra, and *Montanye v. Haymes,* supra, respondent elects not to provide for pretransfer hearings, it may transfer petitioner administratively.

Reversed and remanded.

**THORNTON, J.,** dissenting.

I cannot accept the conclusion of the majority opinion, namely, that the challenged rules relating to interstate transfer of inmates of the state's correctional institutions are subject to the provisions of the Administrative Procedures Act.

It is my view that the challenged rules are purely for the internal management of the institutions and their inmates. Rules of this nature are expressly exempt from the rule-making requirements of the Administrative Procedures Act as "internal management directives" under ORS 183.310(7)(a).

Further, it seems to me that this position is indirectly supported by the very recent decisions of the United States Supreme Court discussed in the majority opinion: *Meachum v. Fano,* 427 US 215, 96 S Ct 2532, 49 L Ed 451 (1976); *Montanye v. Haymes,* 427 US 236, 96 S Ct 2543, 49 L Ed 2d 466 (1976). In *Meachum* and *Montanye* it was held that the Due Process Clause of the Fourteenth Amendment does not require that prison authorities give a duly convicted inmate a hearing prior to transferring him from one penal institution to another within the state. I believe that the basic premise in both cases is that the interinstitutional transfer of inmates is a matter of internal management of a state's correctional institutions.

The majority opinion relies on *Burke v. Children's Serv. Div.,* 26 Or App 145, 552 P2d 592 (1976), in reaching the opposite conclusion. This reliance is wholly misplaced, in my opinion. None of the four illustrative situations discussed in *Burke* deal with, or have any application to, a penitentiary transfer situa-

tion with which we are concerned here. *See, Meachum v. Fano* and *Montanye v. Haymes,* both *supra.*

I would affirm.