Argued July 21, affirmed August 16, reconsideration denied September 22,
petition for review denied October 19, 1976

STEPHEN M. SANITI, *Petitioner,*
*v.*
OREGON STATE PENITENTIARY, *Respondent.*
(CA 5994)

PAUL AKINS, *Petitioner,*
*v.*
OREGON STATE PENITENTIARY, *Respondent.*
(CA 6048)

CHRIS ANDERSON, *Petitioner,*
*v.*
OREGON STATE PENITENTIARY, *Respondent.*
(CA 6056)

552 P2d 1312

*Tom Steenson,* and *Holly Hart,* Portland, argued the cause for petitioners. On the brief were Tom Steenson, and Steenson, Parkinson & Lea, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

The petitioners challenge the validity of certain administrative rules adopted by the respondent relating to procedures for out-of-state transfer and procedures for placing penitentiary inmates in segregation and isolation for administrative as distinguished from disciplinary purposes.

In their brief petitioners contend both constitutional and statutory violations. However, at oral argument, counsel for petitioners conceded that he could point to no statutory violations and that the only issue for determination is the constitutionality of the rules.

Petitioners contend that the rules are unconstitutional because they do not provide the notice and hearing provisions mandated by *Wolff v. McDonnell,* 418 US 539, 94 S Ct 2963, 41 L Ed 2d 935 (1974).

*Meachum v. Fano,* 427 US 215, 96 S Ct 2532, 49 LEd 2d 451 (1976) and *Montanye v. Haymes,* 427 US 236, 96 S Ct 2543, 49 LEd 2d 466 (1976), hold that neither notice nor hearing is required as a prerequisite to the intrastate transfer of a prisoner for administrative purposes. In *Kessler v. OSCI,* 26 Or App 271, 552 P2d 589 (1976), we held that the rationale of *Meachum* and *Montanye* also applied to interstate transfers of inmates. We see no distinction between the administrative segregation and isolation of inmates within an institution and administrative transfers between institutions.

*Bekins v. Cupp,* 274 Or 115, 545 P2d 861 (1976), interpreted *Wolff v. McDonnell, supra,* as requiring certain minimum procedural safeguards prior to placing an inmate in segregation and isolation pending investigation of charges against him. As pointed out above, *Meachum* and *Montanye* do not so interpret *Wolff v. McDonnell, supra.*

Affirmed.