Submitted August 5, 2011, rule held invalid June 6, 2012

ARLEN SMITH,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A146029

284 P3d 1150

Arlen Porter Smith filed the briefs *pro se.*

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Matthew J. Lysne, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

ARMSTRONG, P. J.

### ARMSTRONG, P. J.

In this proceeding pursuant to ORS 183.400,[1] petitioner asserts, in his first assignment of error, that a notice-of-rights form used by the Board of Parole and Post-Prison Supervision (the board) constitutes a "rule" for purposes of the Administrative Procedures Act (the APA), ORS chapter 183, and is therefore invalid because it was adopted without compliance with the applicable rulemaking procedures. ORS 183.400(4)(c). Petitioner further, and alternatively, asserts that the notice-of-rights form violates the federal and Oregon constitutions and contravenes statutory authority. ORS 183.400(4)(a), (b). We agree with petitioner that the form is invalid under ORS 183.400(4)(c); therefore, we need not reach his other assignments of error.

The notice-of-rights form at issue in this case is one component of a three-document packet, dated September 21, 2009 (the hearing notice packet). The first document has a block at the top entitled "**HEARING NOTICE & NOTICE OF RIGHTS PACKET**." The block contains "fill-in-the blank" spaces for identifying the inmate, hearing date, hearing location, and type of hearing. The next section of the document is titled "**HEARING TYPES**," followed by a list of 10 different categories of hearings, each identified by code—for example, administrative review is listed and identified by the code "AR"; aggravated murder review is identified by the code "MR." Finally, the document contains some general information under a heading "BE PREPARED" and a statement that copies of the board's administrative rules are available in the inmate legal library.

---

[1] ORS 183.400 provides, in part:

"(1) The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases. * * *

"* * * * *

"(4) The court shall declare the rule invalid only if it finds that the rule:

"(a) Violates constitutional provisions;

"(b) Exceeds the statutory authority of the agency; or

"(c) Was adopted without compliance with applicable rulemaking procedures."

The second document in the hearings packet consists of definitions of the 10 hearing types listed on the first document.

The third document—entitled "**INMATES' RIGHTS AND HEARING PROCEDURES**"—is the notice-of-rights form that petitioner challenges here.[2] As the title indicates, the form describes, in separately captioned sections covering four pages, various aspects of the practices and procedures followed in hearings before the board. Specifically, the sections are entitled, "Law that Applies," "Right to an Attorney," "Who May Attend the Hearing," "Information Considered at the Hearing," "Presiding Officer," "Notice and Waiver," "Refusal," "Hearing Procedure," "Depending on the purpose of the hearing," "Continuances," "Decision," "Record," and "Administrative Reviews and Appeals." (Boldface and underscoring omitted.)

On judicial review, petitioner contends that the notice-of-rights form is a "rule," as defined in ORS 183.310(9), and, therefore, it is invalid because it was not promulgated according to the rulemaking procedures of the APA. *See* ORS 183.325 - 183.410 (setting out those procedures). ORS 183.310(9) defines "rule," in part, as follows:

> " 'Rule' means any agency directive, standard, regulation or statement of general applicability that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of any agency. The term includes the amendment or repeal of a prior rule[.]"[3]

---

[2] In particular, petitioner focuses on the following emphasized statements that appear in the form under the heading "Information Considered at the Hearing":

*"Discovery is not permitted.* Requests that the Board research and obtain information you want considered cannot be honored. It is your responsibility to provide that information. *You do not have the right to call witnesses or to cross-examine witnesses who have provided information to the Board."*

(Footnote and boldface omitted; underscoring in original; emphasis added.) Petitioner contends that nothing in the board's formally adopted administrative rules indicates that a party to a board hearing "does not have the right to discovery of evidence the agency intends to rely upon at the hearing" or "the right, in appropriate circumstances, to call witnesses or pose questions to witnesses appearing at hearings before the agency." Petitioner also contends that those statements are contrary to statute and case law. Because, as explained below, we conclude that the form is an invalid rule under ORS 183.400(4)(c), we need not address those arguments.

[3] ORS 183.310(9) goes on to describe what is *not* a "rule"; none of those exclusions applies here.

In petitioner's view, the notice-of-rights form satisfies that definition because it is a "statement of general applicability for all persons appearing before [the board] in contested case type proceedings" and it "sets out the procedure and practice requirements" for those hearings. The board, on the other hand, contends that the form is a statement of *"specific* applicability" and, therefore, not a rule under ORS 183.310(9). (Emphasis in original.)[4] We agree with petitioner.

In support of its argument that the notice-of-rights form is of specific, rather than general, applicability, the board relies on the fact that the first document in the hearing notice packet—of which, as noted, the form is a part—includes a blank space for the board to insert the name of the inmate who is to receive the notice. In the board's view, the form thus operates like an "order"; therefore, it cannot be a "rule." *See, e.g., Portland Inn v. OTC*, 39 Or App 749, 752, 593 P2d 1233 (1979) ("[A]n agency action cannot be both an 'order' and a 'rule,' and * * * a party cannot follow the APA's procedures for review of a quasi-judicial act if the act is in fact legislative.").[5] In particular, the board argues:

> "Without a named individual in the notice, the hearing notice and notice-of-rights packet has no utility, force, or effect—and certainly no statement about the general practices and procedures of the board. The packet thus operates like an 'order'—and not a 'rule' for purposes of ORS 183.310."

We are not persuaded. ORS 183.310(6)(a) defines "order," in part, as follows:

---

[4] In a previously filed motion to dismiss, the board argued that, because the form simply explains various aspects of the hearing process, each of which are "the subject of separate, validly promulgated rules," it is not a rule under the principle established in *Burke v. Public Welfare Div.*, 31 Or App 161, 165, 570 P2d 87 (1977) ("[A]n agency's pronouncement of how a validly promulgated rule operates in a specific context need not itself be promulgated as a rule if the existing rule necessarily requires the result set forth in that pronouncement."). The motion was denied, as was the board's motion for reconsideration of that denial, and the board does not renew that argument on judicial review.

[5] Although ORS 183.310 has been amended and renumbered several times since *Portland Inn* was decided, for purposes of our analysis here, the relevant parts of the definitions of "rule" and "order" have remained substantively unchanged.

" 'Order' means any agency action expressed orally or in writing directed to a named person or named persons, other than employees, officers or members of an agency. 'Order' includes any agency determination or decision issued in connection with a contested case proceeding."

Here, although the first page of the hearing notice packet is *addressed* to a particular inmate—identifying who is to receive the notice and providing logistical information, such as the hearing date, location, and type of hearing—the *content* of the form itself is generalized and applicable to all inmates in a particular category or class of hearings.[6] In other words, the actual content of the notice-of-rights form is identical with respect to all hearings to which it applies— regardless of the name appearing on the first page. Thus, we do not understand the notice-of-rights form to be "agency action * * * directed to a named person." ORS 183.310(6)(a).

That conclusion is supported by our case law, including our recent decision in *Homestyle Direct, LLC v. DHS*, 245 Or App 598, 263 P3d 1118 (2011). In that case, the Department of Human Services (DHS) had promulgated nutritional standards for its home-delivery meal program and incorporated those standards into each of its agreements with providers. We concluded (and DHS did not dispute) that the nutritional standards constituted a "rule" for purposes of the APA:

"The nutritional standards are generally applicable requirements for obtaining a provider number, and they describe when DHS can issue such a number. Thus, DHS should not have circumvented the unambiguous requirement to promulgate rules according to the APA."

---

[6] It is not clear in which categories of board hearings the notice is used. As noted, the hearing notice packet itself indicates that it is applicable in 10 different types of board hearings, including murder review hearings. However, in connection with its motion to reconsider the denial of its motion to dismiss the petition, the board submitted an affidavit averring that the notice is used in all board hearings *except* murder review hearings. Then, in its brief on review, the board attempts to "clarify" when the notice might be used and explains that "statutes and board rules provide for *additional and other* notice-of-rights forms for many of [the] 10 types of board hearings" listed on the packet. (Emphasis added.) Ultimately, that discrepancy is immaterial to our analysis and conclusion here—that is so because there is no dispute that the notice is used for some *categories* of hearings; in other words, there is no suggestion by the board that a notice-of-rights form is individually created for each inmate appearing before the board.

*Id.* at 602. We further held that DHS could not enforce those "unpromulgated standards by putting them in the provider agreement and then enforcing the rule that allows sanctions for noncompliance with that agreement." *Id.* at 605. In short, the standards constituted a rule for the purposes of the APA, *notwithstanding* that they were incorporated into individualized provider agreements.

In *Pen-Nor, Inc. v. Oregon Dept. Higher Ed.*, 84 Or App 502, 734 P2d 395 (1987), by contrast, we concluded that the challenged agency action did not constitute a rule. There, the petitioner contended that a state agency had adopted a "rule" to the effect that a "good faith effort" to meet minority business enterprise goals did not require negotiating with certified minority business enterprises (MBEs), after the petitioner, an MBE, was not selected as a subcontractor on a project. *Id.* at 504. We concluded that the agency action was not a rule because it was directed to one specific entity, the prime contractor, and, "if a policy decision occurred[,] it pertained only to that immediate set of facts"; thus, it was not of "general applicability" under the statutory definition of the term "rule." *Id.* at 508. Here, the notice-of-rights form plainly affects more than one person and encompasses more than an "immediate set of facts"; the form is applicable, without differentiation, to all inmates in a particular category of hearing before the board. *See also Amazon Coop. Tenants v. State Bd. High. Ed.*, 15 Or App 418, 420, 516 P2d 89 (1973) ("An administrative act regulating rentals of tenants is clearly a quasi-legislative one of 'general applicability,' rather than a quasi-judicial act adjusting the rights or privileges of a named person or persons.").

The board does not dispute—nor could it—that the form "describes the procedure or practice requirements" of the agency. ORS 183.310(9). It is essentially labeled as such and explains the board's hearing procedures and requirements. *Cf. Kessler v. OSCI*, 26 Or App 271, 274, 552 P2d 589 (1976), *overruled on other grounds by Rutherford v. OSP*, 39 Or App 431, 592 P2d 1028 (1979) (agency's procedures for interstate transfer of inmates, which set out certain rights reserved to inmates, such as notice and hearing procedures, was a rule rather than an internal directive).

In sum, we conclude that the notice-of-rights form is a rule within the meaning of ORS 183.310(9); consequently, the board was required to follow the rulemaking procedures of the APA in adopting it. The board does not dispute that it failed to do so. Accordingly, the form is invalid. ORS 183.400(4)(c).

Rule held invalid.