Submitted July 6, petition for judicial review dismissed August 22, 2012

## ARLEN PORTER SMITH,
*Petitioner,*

*v.*

## DEPARTMENT OF CORRECTIONS,
*Respondent.*

Department of Corrections
A146442

284 P3d 1244

Arlen Porter Smith filed the brief *pro se.*

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Erin C. Lagesen, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

Petitioner, an inmate at Two Rivers Correctional Institution, challenges a "Notice of Rights" form that officials from the Department of Corrections (department) provide prior to inmate disciplinary proceedings. In an earlier case brought by the same inmate and involving a notice of rights form provided by the Board of Parole and Post-Prison Supervision (board), this court held that, as petitioner argued, the notice amounted to a rule that had not been properly promulgated according to the procedures required under the Administrative Procedures Act (the APA), ORS chapter 183; we concluded that the notice was therefore invalid. *Smith v. Board of Parole*, 250 Or App 345, 284 P3d 1150 (2012) (*Smith I*). In the present case, petitioner challenges a different notice from a different agency, also regarding inmate hearing rights, for the same reason. This time, we reach a different outcome.

Before January 2008, the board provided inmates with a "Notice of Rights" form. That form was included as an exhibit in the board's administrative rules. In January 2008, following an amendment to ORS 183.413 requiring state agencies to provide parties to contested cases with specified information regarding their rights at such hearings, the board repealed the exhibit and all references in its administrative rules to a notice of rights for inmates. Thereafter, in September 2009, the board provided inmates with differently worded notices. It was one such board notice that petitioner successfully challenged in *Smith I*, arguing that it fit the APA definition of "rules" but had not been promulgated as such under the APA. 250 Or App at 347. The state responded that, because the notice was addressed to a specific individual, it was not a rule at all, but "like an order." *Id.* at 348. We rejected that argument, holding that the notice was of general applicability and future effect. *Id.* at 349.

In the present case, petitioner challenges the notice that is now provided by the *department* (as opposed to the board) to inmates before *disciplinary* hearings (as opposed to hearings regarding release dates). Once again, petitioner argues that the notice is not a valid rule because it fits

the APA definition of a "rule" but was not promulgated according to the procedures required by the APA. The state's first argument is not unlike the one we rejected in *Smith I*: The notice of rights is not a "directive, standard, regulation or statement of general applicability[.]" ORS 183.310(9). We find no reason to depart from the holding in *Smith I*; this notice, like the one in *Smith I*, is not an order or something "like an order."

The notice of rights in this case, however, is not a rule. ORS 183.310(9)(f) provides that the term "rule" for purposes of the APA does not include

"[r]ules of conduct for persons committed to the physical and legal custody of the Department of Corrections, the violation of which will not result in:

"(A) Placement in segregation or isolation status in excess of seven days.

"(B) Institutional transfer or other transfer to secure confinement status for disciplinary reasons.

"(C) Disciplinary procedures adopted pursuant to ORS 421.180."

In *Smith v. OSP*, 113 Or App 386, 387, 832 P2d 1270 (1992) (*Smith II*), we held that a directive announcing priorities of inmate access to the prison library was not a rule under what is now ORS 183.310(9)(f), thereby implying that the rule was a "rule[ ] of conduct." If that directive qualified as a "rule of conduct," surely the notice of rights does as well, in particular the provision stating, "You may waive/decline your right to attend your hearing. *Inappropriate behavior could also warrant your exclusion from participation in the hearing*. In such cases, the hearing will be conducted in your absence and you will be notified in writing of the decision." (Emphasis added.) Thus, the notice of rights that petitioner challenges is not a rule for purposes of the APA because, like the library priority rule in *Smith II* (and unlike the notice of rights at issue in *Smith I*) it is a rule of conduct, violation of which does not result in disciplinary sanctions.

Petition for judicial review dismissed.