Argued and submitted April 17, 2015, petition for judicial review dismissed
January 25, 2017

ARLEN PORTER SMITH,
*Petitioner,*

*v.*

DEPARTMENT OF CORRECTIONS
and Two Rivers Correctional Institution,
*Respondents.*

Department of Corrections
A152888

388 P3d 1118

Tonia L. Moro argued the cause and filed the reply brief for petitioner. Arlen Porter Smith filed the opening brief *pro se.*

Matthew J. Lysne, Assistant Attorney General, argued the cause for respondents. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

## ORTEGA, P. J.

Petitioner, an inmate at respondent Two Rivers Correctional Facility, challenges the temporary and permanent amendments to OAR 291-130-0016(3), in which the telephone service provider of respondent Department of Corrections (the department) is authorized to impose a "service fee" in the event that an inmate participates in a three-way call or any form of call forwarding. Petitioner also challenges the associated rule posted by the department's telephone service provider, Telmate, which declares a fine of $25 for participating in call-forwarding or a three-way call. According to petitioner, the amended rules constitute an unlawful delegation of authority to Telmate and, thus, exceed the department's statutory authority under the Administrative Procedures Act (the APA), ORS chapter 183. Because we conclude that the challenged rules are "rules of conduct," ORS 183.310(9)(f), and not "rules" for the purposes of APA review, ORS 183.400, we dismiss the petition for judicial review.[1]

The department updated its inmate telephone system and adopted temporary and permanent rules to accommodate the update in 2012. One of those rules, OAR 291-130-0016(3), forbids inmates from participating in three-way calls or call forwarding as follows:

> "Inmates shall not participate in three-way calls or any form of call forwarding. An inmate may be assessed a service fee from the inmate telephone service provider if it is verified he/she has participated in a three-way call or any form of call forwarding."

Formerly, OAR 291-130-0016(3) prohibited participation in three-way calls or call forwarding without mention that the telephone service provider could assess a service fee. Telmate has furnished "Facility Telephone Rules," which relevantly provide that

[1] Petitioner initially filed his petition for review challenging the temporary rule and Telmate's rule, and later filed an amended petition to challenge the superseding permanent rule. Because the temporary rule was replaced by the permanent rule, the challenge to the temporary rule is moot. *See Reid v. DCBS*, 235 Or App 397, 401, 232 P3d 994 (2010) (stating same). We note that the temporary rule described the assessment by the telephone service provider as a "fine" rather than a "service fee."

"[a]ny attempt to make a 3-way call will result in **$25 fine** by Telmate, even if the 3-way call was made by another inmate—3-way calls are never allowed. If you make a 3-way call and your account has insufficient funds, this will result in a negative balance. A deposit will be required to bring your account positive."

(Boldface in original.)

OAR 291-130-0016 is authorized and adopted under ORS 179.040, which permits the department to enter into service contracts and to make and adopt rules in accordance with those contracts as part of its duty to "[g]overn, manage and administer" prisons. *See also* ORS 276.222 (allowing the Department of Administrative Services (DAS) to contract for telephone services); ORS 179.065 (granting the department the same power as DAS to contract for telephone services).

Under ORS 183.400(1), petitioner seeks to have us determine the validity of OAR 291-130-0016(3) and Telmate's $25 fine as set out in the Facility Telephone Rules, raising three assignments of error.[2] He first contends that the department's amendment of OAR 291-130-0016(3) constitutes an unlawful delegation of its rulemaking authority to a nongovernmental agency. In his remaining assignments, petitioner argues that, if the rule amendment was not an unlawful delegation, it violated rulemaking procedures, namely, that the department failed to comply with ORS 183.355(1)(b)[3] and that the department's fiscal-impact statement was inadequate. All of petitioner's assignments presuppose that OAR 291-130-0016(3) and the Facility Telephone Rule are "rules" subject to our review under ORS 183.400. The department argues otherwise.

The department contends that the challenged rule is a "rule of conduct" excepted from the APA. Under ORS 183.310(9), a "rule" is defined as

---

[2] ORS 183.400(1) provides, in relevant part, that the "validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases."

[3] ORS 183.355(1)(b) requires that an agency adopting a rule incorporating published standards by reference must file with the Secretary of State a certified copy of the adopted rule. If the rule is "unusually voluminous" and "costly to reproduce," the agency must identify the "location of the standards so incorporated and the conditions of their availability to the public." *Id.*

"any agency directive, standard, regulation or statement of general applicability that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of any agency. The term includes the amendment or repeal of a prior rule. The term includes the amendment or repeal of a prior rule, but does not include:

"* * * * *

"(f)   Rules of conduct for persons committed to the physical and legal custody of the Department of Corrections, the violation of which will not result in:

"(A)   Placement in segregation or isolation status in excess of seven days.

"(B)   Institutional transfer or other transfer to secure confinement status for disciplinary reasons.

"(C)   Disciplinary procedures adopted pursuant to ORS 421.180."

We have addressed previously a number of rule challenges in which we concluded that the challenged rules were rules of conduct and, thus, not subject to our review. In *Smith v. OSP*, 113 Or App 386, 387, 832 P2d 1270 (1992), we held that a directive prioritizing inmate access to the law library was "a rule of conduct" under what is now ORS 183.310(9)(f). In *Smith v. Dept. of Corrections*, 251 Or App 775, 777, 284 P3d 1244 (2012), *rev den*, 353 Or 533 (2013), we similarly concluded that a "Notice of Rights," which announced that an inmate could be excluded from participation in disciplinary hearings for "inappropriate behavior," was a "rule of conduct." Further, in *Smith v. TRCI*, 259 Or App 11, 17-18, 312 P3d 568 (2013), we concluded that an announcement in a department newsletter that possession of nude images would be confiscated was not reviewable because the confiscation of nude images was a rule of conduct that could not "result in disciplinary sanctions or procedures specified in ORS 183.310(9)(f)."

OAR 291-130-0016 likewise regulates inmate conduct. The rule forbids inmates from participating in three-way calls or any form of call forwarding.[4] If it is verified

_____

[4] Inmates' use of telephone services implicates safety and security concerns. *See* OAR 291-130-0016(13) ("Other inmate telephone services or restrictions, not

that an inmate has done so, then Telmate may consequently assess a "service fee." OAR 291-130-0016. Such a rule (with Telmate's associated rule providing for the $25 fine) is a "rule of conduct" that does not result in the disciplinary sanctions or procedures set out in ORS 183.310(9)(f) and, accordingly, is not a "rule" subject to our review.

Petitioner's arguments to the contrary are unavailing. First, petitioner asserts that the "rules of conduct" exception does not apply because the exceptions to the definition of "rule," ORS 183.310(9), including the "rules of conduct" exception, "apply only if the rule is not an amendment or repeal of a prior existing rule." In petitioner's view, the second sentence of ORS 183.310(9)—the "term ['rule'] includes the amendment or repeal of a prior rule, but does not include the following exceptions"—"conditionally" provides for six exceptions, and the "condition" is that exceptions are not an "amendment or repeal of a prior rule." We disagree. The two clauses independently expand or limit the meaning of "rule": The first clause clarifies that the definition of "rule" includes amendments and repeals, and the second clause provides that a "rule" does not include the exceptions set out in subsections (a) - (f).

Second, petitioner argues that OAR 291-130-0016(3) is not a rule of conduct because it affects members of the public who are not inmates. Petitioner posits that, because an inmate cannot on his or her own forward a call or make a three-way call, such conduct necessarily involves a third party. Further, in petitioner's view, enforcement of the rule could affect the third party because that person's prepaid account could be charged the service fee. The rule, however, specifically prohibits *inmates* from participating in call forwarding or three-way calls. Further, petitioner's argument that third parties could be assessed a service fee is

_____

specifically addressed in this rule, may be implemented for safety and security reasons[.]"); OAR 291-130-0016(11) ("The department may prohibit an inmate from calling a particular person or phone number when requested by the person, or in the case of a minor child, by the child's parent or legal guardian."); OAR 291-130-0016(2) ("The functional unit manager or designee has the authority to restrict telephone calls by an inmate if the safety of the public would be involved, or the security of the facility, or safety and welfare of any person would be jeopardized.").

also inconsistent with the text of the rule, which states that *"inmates* may be assessed a service fee."[5]

Finally, petitioner contends that the "service fee" is equivalent to a fine sanction that may be imposed, and that has actually been enforced, by way of disciplinary proceedings authorized by ORS 421.180 and ORS 421.105. Even if that is correct, that OAR 291-130-0016(3) is enforced by additional measures does not mean that the rule of conduct falls under one of the sanctions or procedures specified in ORS 183.310(9)(f). Specifically, ORS 183.310(9)(f)(C) provides an exception for "[d]isciplinary procedures *adopted pursuant* to ORS 421.180." (Emphasis added.) Here, OAR 291-130-0016(3) is authorized and adopted under ORS 179.140 (the department's authority to contract) and not under ORS 421.180.

In sum, OAR 291-130-0016(3) and the related Facility Telephone Rule are rules of conduct that are not subject to our review.

Petition for judicial review dismissed.

---

[5] Petitioner's argument is without support in the record, and, even if there were such evidence, it would be error for us to consider it because "our review in a rule challenge brought under ORS 183.400 is limited to an examination of '[t]he rule under review,' '[t]he statutory provisions authorizing the rule,' and '[c]opies of all documents necessary to demonstrate compliance with applicable rulemaking procedures.'" *Rivas v. Board of Parole,* 272 Or App 248, 250, 356 P3d 83 (2015) (quoting ORS 183.400(3)).