On respondent's motion for reconsideration filed March 14, motion for
reconsideration granted; record to be filed within 28 days of this opinion;
former opinion (210 Or App 542, 152 P3d 933)
otherwise adhered to May 9, 2007

## Virginia COREY;
## Bergis Road, LLC;
## and Bernita Johnston,
### *Petitioners,*

*v.*

## DEPARTMENT OF LAND CONSERVATION
## AND DEVELOPMENT,
### *Respondent.*

## Department of Land Conservation and Development
## M119478; A129905

159 P3d 327

Hardy Myers, Attorney General, Mary H. Williams,
Solicitor General, and Denise G. Fjordbeck, Senior Assistant
Attorney General, for motion.

Before Wollheim, Presiding Judge, and Schuman and Rosenblum, Judges.

SCHUMAN, J.

**SCHUMAN, J.**

The Department of Land Conservation and Development (DLCD) seeks reconsideration of our opinion in *Corey v. DLCD*, 210 Or App 542, 152 P3d 933 (2007). In that case, DLCD filed a motion in this court asking us to determine which court—the Court of Appeals or the circuit court of Marion County—had jurisdiction to review an order in which DLCD opted to waive enforcement of certain land use regulations in lieu of paying compensation under ORS 197.352 (Ballot Measure 37), but concluded that claimants' property remained subject to some regulations. Relying on *Koskela v. Willamette Industries, Inc.*, 331 Or 362, 15 P3d 548 (2000), we held that, because DLCD had *accepted* claimants' claim when it concluded that land use regulations had reduced the value of their property, but that the order also adjudicated a dispute over the *extent* to which claimants deserved relief, the order should have issued after a contested case hearing (at least with regard to the issue of the extent of relief) and, as a consequence, jurisdiction was in this court under ORS 183.482. *Corey*, 210 Or App at 551-52. We grant DLCD's motion for reconsideration and adhere to our earlier opinion.

In its motion, DLCD makes two arguments. The first is that we misapplied *Koskela*. We disagree and remain persuaded that our reading of that case in *Corey*, 210 Or App at 549-52, is correct; repetition here would be of no benefit.

DLCD's second argument is that, even if we correctly determined that claimants were entitled under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to a contested case hearing, we should also have determined the contours of that hearing—how much "process" was "due"—by applying the analysis mandated by the United States Supreme Court in *Mathews v. Eldridge*, 424 US 319, 335, 96 S Ct 893, 47 L Ed 2d 18 (1976). Had we applied that analysis, DLCD argues, we would have concluded that the process claimants received was constitutionally sufficient. In support of their argument that we should have applied *Mathews*, DLCD notes that the Supreme Court did just that in *Koskela* after deciding that the claimant there was entitled to a hearing.

DLCD's procedures are those set out in the Administrative Procedures Act (APA), ORS chapter 183. *See* ORS 183.315 (listing exceptions to applicability of APA, not including DLCD). ORS 183.413 to 183.470 establish procedures for contested case hearings. If a proceeding before an agency governed by the APA is a "contested case," then those procedures apply. That is true even if the procedures required by the Due Process Clause, as interpreted in *Mathews*, are different or less rigorous. In other words, although *Mathews* determines the procedural safeguards that a government agency must provide at a minimum, government is free by statute to require more—and Oregon has done so in its APA. Once a proceeding before an APA agency is determined to be a contested case under ORS 183.310(2)(a), *Mathews* is simply irrelevant. If the legislature wants DLCD hearings such as the one at issue in this case to be governed by the procedures required by the Due Process Clause *and no others*, it can achieve that objective by statute.

That fact explains why the Supreme Court applied *Mathews* in *Koskela*. The proceeding in *Koskela* was before the Department of Consumer and Business Services with respect to its functions in administering the Workers' Compensation Act; the APA explicitly exempts such proceedings from almost all of the operative procedures governing contested case hearings. ORS 183.315(1). Because the hearing in *Koskela* was not an APA contested case hearing, application of *Mathews* was appropriate.

Motion for reconsideration granted; record to be filed within 28 days of this opinion; former opinion otherwise adhered to.