Argued and submitted September 4, judgment vacated; remanded to circuit court
with instructions to remand to Department of Land Conservation and
Development December 26, 2007

HOOD RIVER VALLEY RESIDENTS' COMMITTEE, INC.,
an Oregon non-profit corporation;
Larry Martin, individually;
Sara Martin, individually;
Eric Ruhlen, individually;
and Tamiko Ruhlen, individually,
*Petitioners-Appellants,*

*v.*

STATE OF OREGON,
by and through the
DEPARTMENT OF ADMINISTRATIVE SERVICES;
and Department of Land Conservation and Development,
*Respondents-Respondents.*

Marion County Circuit Court
06C17267; A135490

174 P3d 1091

Ralph O. Bloemers argued the cause for appellants. With him on the briefs was Crag Law Center.

Denise Fjordbeck, Senior Assistant Attorney General, argued the cause for respondents. With her on the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Erika L. Hadlock, Senior Assistant Attorney General.

Richard P. Benner filed the brief *amicus curiae* for Metro.

Before Edmonds, Presiding Judge, and Wollheim and Sercombe, Judges.

EDMONDS, P. J.

**EDMONDS, P. J.**

Petitioners sought judicial review by the Marion County Circuit Court of a final order issued by respondents Department of Administrative Services (DAS) and Department of Land Conservation and Development (DLCD) that approved a claim by property owners submitted pursuant to ORS 197.352 (Ballot Measure 37). On cross-motions for summary judgment, the circuit court entered judgment in favor of respondents. Petitioners appeal.

After petitioners filed their petition for judicial review in the Marion County Circuit Court, this court decided *Corey v. DLCD*, 210 Or App 542, 152 P3d 933, *adhered to on recons*, 212 Or App 536, 159 P3d 327, *rev allowed*, 343 Or 363 (2007). In *Corey*, we determined that DLCD's decision to waive enforcement of certain land use regulations in lieu of paying compensation under Measure 37 should be reviewed as an order in a contested case pursuant to ORS 183.482. 210 Or App at 552. Accordingly, we concluded that jurisdiction for judicial review of such an order lies in this court, not in the circuit court. *Id.* Also, after petitioners filed their petition for judicial review, the voters passed Ballot Measure 49, and it establishes new criteria that must be applied by respondents. *See* Ballot Measure 49, § 5 (2007).

At oral argument, we asked the parties for supplemental briefing on the question whether, in light of *Corey*, this court has authority to review their appeal from the circuit court judgment. In their supplemental briefing, petitioners and respondents agree that, pursuant to *Corey*, review should have been sought initially in this court rather than in the circuit court.[1] Nonetheless, the parties submit that,

---

[1] Although respondents agree that *Corey* controls, they submit that it was wrongly decided. We decline to revisit our decision in *Corey*.

Furthermore, because the order at issue here concerns questions of both entitlement and the *extent* of entitlement under Measure 37, this case is distinguishable from our decision in *Emmel v. DLCD*, 213 Or App 681, 683, 162 P3d 354 (2007) (holding that, where the decision of which judicial review is sought is DLCD's determination whether the claimants had any entitlement at all under Measure 37, the "final order containing that decision was an order in other than a contested case" and jurisdiction lies in the circuit court).

despite any earlier jurisdictional defect, this court has now acquired proper jurisdiction under ORS 14.165.

■ ORS 14.165, enacted in 2001, was "designed to 'fix' at least a portion of the problem that arises when a person challenging a government action seeks review in the wrong court." *Wheaton v. Kulongoski*, 209 Or App 355, 367-68, 147 P3d 1163 (2006). The statute, among other things, allows a circuit court in which a petition for judicial review is wrongly filed to transfer the case to the appropriate forum. ORS 14.165(1)(a). In *Wheaton*, we concluded that, although the case had not reached this court on a transfer or referral order under ORS 14.165, we had acquired jurisdiction because the case had "come to us through a procedurally proper vehicle—that is, a timely filed notice of appeal of the circuit court judgment." 209 Or App at 370. As in *Wheaton*, this case has come to us through a timely filed notice of appeal of the circuit court judgment. Accordingly, we conclude that this court indeed has jurisdiction. *See id.*

■ The remaining question is whether, in this procedural posture, this court should reach the merits of the issues presented in the briefs. Petitioners and respondents urge us to reach the issues presented on judicial review because they involve purely legal questions that will affect other pending cases. As we explained in *Wheaton*, our judicial review function can be hampered when issues have not come to us on a fully developed record:

> "As matters now stand, we do not have the benefit of an administrative order issued after a full contested case hearing; we have only the summary judgment determination of the circuit court. Both legally and practically, petitioners have not received the equivalent of either a contested case hearing or of an articulated administrative order that would follow a contested case hearing. ORS 14.165 permits us to exercise jurisdiction over the case, but it does not permit us to deny petitioners the administrative hearings to which they are entitled. Said differently, nothing in ORS 14.165 permits us to substitute a circuit court proceeding—especially one resolved on summary judgment—for a contested case hearing held by the administrative agency charged with providing one."

209 Or App at 370. In *Wheaton*, we concluded that, until the petitioners received contested case hearings, their challenges to certain agency rules, and the agency's defense of those challenges, were "not properly before us for resolution." *Id.* Thus, we vacated the circuit court judgment and remanded to the agency to offer the petitioners the contested case hearings to which they were entitled.

Although we appreciate the parties' desire for guidance from this court on the legal standards applicable to Measure 37 claims before any contested case proceeding is held, we conclude that judicial review of those issues, in this procedural posture, is not authorized by statute. Petitioners have not received a contested case hearing in this case and, in their supplemental briefing, explicitly state that they "have not and do not waive their right to a contested case proceeding." Our authority to review orders in contested cases is governed by ORS 183.482, and that statute contemplates that a contested case hearing has taken place *before* we address the issues that might arise in such a hearing. *See, e.g.*, ORS 183.482(7) ("Review of a contested case shall be confined to the record, the court shall not substitute its judgment for that of the agency as to any issue of fact or agency discretion."). Moreover, as we stated in *Wheaton*, "nothing in ORS 14.165 permits us to substitute a circuit court proceeding" for the predicate contested case hearing held by the administrative agency charged with providing one. 209 Or App at 370. Accordingly, judicial review is premature at this time.

For the reasons stated above, we vacate the judgment of the circuit court and remand to DLCD for proceedings consistent with *Corey*, Measure 49, and this opinion.

Judgment vacated; remanded to circuit court with instructions to remand to Department of Land Conservation and Development.