Argued and submitted June 23, transferred to the Multnomah County Circuit Court pursuant to ORS 14.165(5)(a) September 1, 2021

FRIENDS OF THE COLUMBIA GORGE,
Oregon Wild, and Central Oregon LandWatch,
*Petitioners,*

*v.*

ENERGY FACILITY SITING COUNCIL,
*Respondent.*

Multnomah County Circuit Court
20CV13611; N009543

498 P3d 875

In the circuit court, petitioners sought judicial review of three orders issued by the Energy Facility Siting Council (EFSC). Two of the orders denied petitioners' requests for contested case proceedings pursuant to OAR 345-027-0371. The third order denied petitioners' requests for reconsideration or rehearing regarding the other two orders. The circuit court referred this case to the Court of Appeals pursuant to ORS 14.165(1)(b) for a determination regarding which court has jurisdiction to provide judicial review. *Held*: The three orders are "final orders" as that phrase is defined in ORS 183.310(6)(b). Further, the orders are orders in "other than contested cases." Therefore, the circuit court has jurisdiction to provide judicial review of the orders pursuant to ORS 183.484(1).

Transferred to the Multnomah County Circuit Court pursuant to ORS 14.165(5)(a).

Gary K. Kahn argued the cause for petitioners. Also on the memorandum and response were Reeves, Kahn, Hennessy & Elkins, Karl G. Anuta and Law Office of Karl G. Anuta, P.C., and Nathan J. Baker.

Patricia G. Rincon, Assistant Attorney General, argued the cause for respondent. Also on the memorandum were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Egan, Chief Judge, and Mooney, Judge.

TOOKEY, P. J.

Transferred to the Multnomah County Circuit Court pursuant to ORS 14.165(5)(a).

**TOOKEY, P. J.**

This case was referred to the Court of Appeals from the Multnomah County Circuit Court pursuant to ORS 14.165(1)(b).[1] As relevant here, petitioners sought judicial review in the circuit court of three orders issued by the Energy Facility Siting Council (EFSC). EFSC entered those orders in connection with Summit Ridge Wind Farm's application for a site certificate amendment.[2] The issue before this court is which court has jurisdiction to provide judicial review of those three orders. In this opinion, we refer to those three orders as "the Orders" when referring to them collectively.

As explained below, we conclude that the circuit court—not this court—has jurisdiction to provide judicial review of the Orders. Therefore, we transfer the case back to the Multnomah County Circuit Court pursuant to ORS 14.165(5)(a).[3]

## THE NATURE OF THE ORDERS

Two of the orders for which petitioners seek judicial review are orders denying petitioners' requests for contested case proceedings in relation to Summit Ridge Wind Farm's application for a site certificate amendment.

---

[1] ORS 14.165(1) provides, in relevant part:

"If an action or other proceeding against a public body is filed in circuit court and the circuit court does not have authority to decide the case, the circuit court shall:

"* * * * *

"(b) Refer the question to the Court of Appeals if the circuit court is in doubt whether there is another court or tribunal authorized by law to decide the case[.]"

[2] In the circuit court, petitioners also sought judicial review of a fourth order. The circuit court dismissed petitioners' claims with prejudice as to that order, and that order is not before us.

[3] Upon referral under ORS 14.165(1), pursuant to ORS 14.165(5), our task is to

"(a) Transfer the case to the court or tribunal that the Court of Appeals determines to be authorized by law to decide the case;

"(b) Decide the case if the Court of Appeals is the appropriate court; or

"(c) Dismiss the action or proceeding if the Court of Appeals determines that no court or tribunal is authorized by law to decide the case."

More specifically, in the first order, dated July 9, 2019 (First Order), EFSC denied petitioners' requests for a contested case proceeding concerning the Department of Energy's (DOE) proposed order regarding Summit Ridge Wind Farm's application for a site certificate amendment. In the second order, dated August 23, 2019 (Second Order), EFSC denied petitioners' requests for a contested case proceeding concerning DOE's amended proposed order regarding Summit Ridge Wind Farm's application for a site certificate amendment.

In the third order at issue in this case, dated February 12, 2020 (Third Order), EFSC denied petitioners' requests for reconsideration or rehearing regarding the First Order and the Second Order.

## JURISDICTION TO
## REVIEW AGENCY ORDERS

As a general matter, this court has jurisdiction to review orders in "contested cases." ORS 183.482(1) ("Jurisdiction for judicial review of contested cases is conferred upon the Court of Appeals."). In contrast, the circuit court has jurisdiction to review orders in "other than contested cases." ORS 183.484(1) ("Jurisdiction for judicial review of orders other than contested cases is conferred upon the Circuit Court for Marion County and upon the circuit court for the county in which the petitioner resides or has a principal business office.").

Petitions for judicial review are available under ORS 183.482(1) and ORS 183.484(1) only as to "final orders." *Oregon Health Care Assn. v. Health Div.*, 329 Or 480, 488, 992 P2d 434 (1999).

The outcome of this case, thus, turns on two legal issues: First, whether the Orders are "final orders," such that a petition for judicial review was available to petitioners under either ORS 183.482(1) (if a "contested case") or ORS 183.484(1) (if "other than a contested case"); and, second, if the Orders are final orders, whether the Orders are orders in "contested cases," such that this court has jurisdiction under ORS 183.482(1), or orders in "other than contested

cases," such that the circuit court has jurisdiction under ORS 183.484(1).[4]

## THE ORDERS ARE FINAL ORDERS

We first consider whether the Orders are "final orders." ORS 183.310(6)(b) defines "final order" as follows:

"'Final order' means final agency action expressed in writing. 'Final order' does not include any tentative or preliminary agency declaration or statement that:

"(A)   Precedes final agency action; or

"(B)   Does not preclude further agency consideration of the subject matter of the statement or declaration."

"The heart of a final order, thus, is the final agency action." *Steele v. Water Resources Commission*, 248 Or App 229, 239, 273 P3d 243 (2012). "Whether a particular agency's order is 'final' within the meaning of the statute depends on the context of the regulatory scheme in which the agency's statement or declaration was made." *Oregon Restaurant Services v. Oregon State Lottery*, 199 Or App 545, 556, 112 P3d 398, *rev den*, 339 Or 406 (2005).

On appeal, EFSC focuses on the First Order and Second Order, arguing that those are not "final orders." More specifically, EFSC contends that the First Order and Second Order denying "request[s] for contested case proceedings [are] not final for the purposes of ORS 183.310(6)(b), because [they] preceded the agency's final action" on Summit Ridge Wind Farm's application for a site certificate amendment. That is, in EFSC's view, an "order denying contested case proceedings does not reflect the Council's final decision on the true matter before it, *i.e.*, the request for a site certificate amendment."

---

[4] We note that ORS 469.403(3) provides that "[j]urisdiction for judicial review of the council's approval or rejection of an application for a site certificate or amended site certificate is conferred upon the Supreme Court."

In this case, petitioners do not seek judicial review of EFSC's "approval or rejection of an application for a[n] *** amended site certificate." ORS 469.403(3). Therefore, we do not consider ORS 469.403(3) further.

Additionally, we note that EFSC argues that this case is nonjusticiable because "there is no effective relief this or any other court could grant to petitioners." We reject that argument without further discussion.

Petitioners respond, in part, that "EFSC expressly designated" each of the Orders as a "Final Order." Petitioners also note that EFSC "*accepted*, *processed*, and *decided* Petitioners' Petition for Reconsideration or Rehearing of the" First Order and Second Order pursuant to OAR 345-001-0080, which, in petitioners' view, EFSC could only have done if the First Order and Second Order were final orders.[5] (Emphases in petitioners' memorandum.) Further, petitioners note that the Third Order—the order denying petitioners' petition for reconsideration or rehearing—was entitled "Final Order Re: Petitions for Reconsideration or Rehearing."

Having considered the parties' arguments, the applicable regulatory scheme, and the Orders, we conclude that the Orders are "final orders," as that phrase is defined in ORS 183.310(6)(b).

We begin with the First Order and the Second Order. Those orders, which are in writing, denied petitioners' requests for contested case proceedings concerning, respectively, DOE's proposed order and DOE's amended proposed order regarding Summit Ridge Wind Farm's application for a site certificate amendment.

OAR 345-027-0371 provides certain parties the opportunity to request a contested case proceeding regarding a proposed order "recommending approval, modification or denial of the request for amendment to [a] site certificate."[6]

OAR 345-027-0371(9) sets forth the standard EFSC uses to determine whether a party is entitled to a contested case proceeding:

"After identifying the issues properly raised [in a request for a contested case proceeding] the Council must

---

[5] OAR 345-001-0080 allows for petitions to seek "reconsideration or rehearing" of certain "final orders" of the EFSC.

[6] Petitioners' first request for a contested case proceeding was considered by EFSC pursuant to *former* OAR 345-027-0071, *renumbered as* OAR 345-027-0371 (Aug 22, 2019), *amended by* EFSC 1-2020 (Jan 28, 2020), EFSC 4-2020 (Aug 24, 2020). Their second request for a contested case proceeding was considered by EFSC pursuant to OAR 345-027-0371 (Aug 22, 2019). Because it does not affect the analysis of the issues before us, we refer to the current version of OAR 345-027-0371 in this opinion.

determine whether any properly raised issue justifies a contested case proceeding on that issue. To determine that an issue justifies a contested case proceeding, the Council must find that the request raises a significant issue of fact or law that is reasonably likely to affect the Council's determination whether the facility, with the change proposed by the amendment, meets the applicable laws and Council standards ***."

OAR 345-027-0371(10) describes the action EFSC must take in response to such requests:

"(a)   If the Council finds that the request identifies one or more properly raised issues that justify a contested case proceeding, the Council must conduct a contested case proceeding according to the applicable provisions ***.

"(b)   If the Council finds that the request identifies one or more properly raised issues that an amendment to the proposed order, including modification to conditions, would settle in a manner satisfactory to the Council, the Council may deny the request as to those issues and direct the Department to amend the proposed order and send a notice of the amended proposed order ***. *** [T]he certificate holder and those persons who commented on the record of the hearing may, in a writing received by the Department within 30 days after the Department issues the notice of the amended proposed order, request a contested case proceeding limited to issues related to the amendment to the proposed order. ***

"*****

"(c)   If the Council finds that the request does not identify a properly raised issue that justifies a contested case proceeding, the Council must deny the request. In a written order denying the request, the Council must state the basis for the denial."

Given that regulatory scheme, we readily conclude that the First Order and Second Order are "final orders," as that term is defined in ORS 183.310(6)(b). The First Order and Second Order consider petitioners' requests for contested case proceedings under applicable standards as set forth in OAR 345-027-0371 and reject those requests. The First Order and Second Order thus constitute "final agency action" with respect to petitioners' requests for contested case proceedings regarding DOE's proposed order

and DOE's amended proposed order. OAR 345-027-0371(10); *see also Rooklidge v. DMV*, 217 Or App 172, 176 n 4, 174 P3d 1120 (2007), *rev den*, 345 Or 94 (2008) (concluding, in the context of a different administrative agency's regulatory scheme, "the [order's] denial of petitioner's request for a contested case proceeding was an appealable final order"). The First and Second Orders are not merely "initial steps" in determining whether petitioners are entitled to their requested contested case proceedings under OAR 345-027-0371. *Cf. Oregon Restaurant Services*, 199 Or App at 556-57 (agency letters advising petitioner of regulatory violations were not "final orders" where letters were only the "initial step in the process of ensuring compliance," and the agency was "required to take additional steps in order to complete the review process"). And, contrary to EFSC's argument on appeal, the First Order and Second Order reflect "final agency action" regarding the "true matter before" EFSC in petitioners' requests for contested case proceedings under OAR 345-027-0371—*viz.*, whether petitioners were entitled to contested case proceedings in relation to DOE's proposed order and DOE's amended proposed order.

Having concluded that the First Order and Second Order are "final orders," we likewise conclude that the Third Order is a "final order." Given the applicable regulatory scheme, the Third Order, which denied reconsideration or rehearing as to the First Order and Second Order, is itself a "final order" within the meaning of ORS 183.310(6)(b).

In short, in light of the applicable regulatory scheme, we conclude that the Orders are final orders. Having so concluded, we turn next to determining whether the Orders are orders in "contested cases."[7]

_____

[7] It bears mentioning that, at the time the Orders were issued, EFSC appears to have believed that the Orders were final orders under the applicable regulatory scheme. For example, in the transmittal cover letter of the First and Second Orders, EFSC referred to those two orders as "Final Order[s]"; in the text of the Second Order, EFSC referred to that order as a "final order"; in the Third Order, EFSC stated that "[p]ursuant to ORS 183.484(1), jurisdiction for judicial review of orders other than contested cases (including the aforementioned orders denying requests for a contested case) is conferred upon the Circuit Court"; and in the order ultimately issued by EFSC regarding Summit Ridge Wind Farm's application for a site certificate amendment, EFSC referred to the First Order and Second Order as "final order[s]."

## THE ORDERS ARE "OTHER
## THAN CONTESTED CASE" ORDERS

As noted above, as a general matter, this court has jurisdiction to review orders in "contested cases," ORS 183.482(1), and the circuit court has jurisdiction to review orders in "other than contested cases," ORS 183.484(1).

ORS 183.310(2)(a) defines "contested case" as a proceeding before an agency:

> "(A)   In which the individual legal rights, duties or privileges of specific parties are required by statute or Constitution to be determined only after an agency hearing at which such specific parties are entitled to appear and be heard;

> "(B)   Where the agency has discretion to suspend or revoke a right or privilege of a person;

> "(C)   For the suspension, revocation or refusal to renew or issue a license where the licensee or applicant for a license demands such hearing; or

> "(D)   Where the agency by rule or order provides for hearings substantially of the character required by ORS 183.415, 183.417, 183.425, 183.450, 183.460 and 183.470."

We note that the statutes set forth in ORS 183.310 (2)(a)(D) concern contested cases under the Administrative Procedures Act (APA). *See* ORS 183.415 (notice, hearing, and record in contested cases); ORS 183.417 (contested case hearing procedures); ORS 183.425 (testimony and discovery in contested cases); ORS 183.450 (evidence in contested cases); ORS 183.460 (agency examination of evidence in contested cases); ORS 183.470 (orders in contested cases).

Importantly, "[w]hether an order should be reviewed by this court as an order in a contested case depends on whether petitioners were *entitled* to a contested case hearing, regardless of whether they received one, with this court making the determination of entitlement." *Corey v. DLCD*, 210 Or App 542, 545 n 3, 152 P3d 933, *adh'd to on recons*, 212 Or App 536, 159 P3d 327 (2007), *dismissed as moot*, 344 Or 457, 184 P3d 1109 (2008) (emphasis in *Corey*; citing *Patton v. St. Bd. Higher Ed.*, 293 Or 363, 366-67, 647 P2d 931 (1982)).

On appeal, petitioners contend that ORS 183.310 (2)(a)(A), (B), and (C) are "not at issue," and that, in their view, ORS 183.310(2)(a)(D) is likewise inapplicable. ORS 183.310(2)(a)(D) is inapplicable, in petitioners' view, because to "provide for a contested case by rule means that a rule must require, mandate, automatically authorize, confer the right to, or otherwise entitle a person to a contested case," and "EFSC did not by rule or order mandate or 'provide for' a contested case"; rather, petitioners contend, "EFSC's rules merely provided for the opportunity to '*request*' a contested case." (Emphasis in petitioners' memorandum.) In petitioners' view, "such a request itself" is not a "contested case."

EFSC, in its written submission to this court, did not develop an argument as to whether the Orders are orders in contested cases. At oral argument, however, EFSC took the position that "if [petitioners'] position is that there should have been a contested case proceeding" under EFSC rules, then the Orders are orders in contested cases. As we understand the argument advanced by EFSC at oral argument, it is that, regardless of whether petitioners actually received a contested case proceeding, because petitioners' contention in their petition in the circuit court is that petitioners were entitled to a contested case proceeding under EFSC rules, the Orders are contested case orders under ORS 183.310 (2)(a)(D).

As an initial matter, we note that we agree with petitioners that ORS 183.310(2)(a)(A), (B), and (C) are not at issue in this case. Thus, if the Orders are orders in "contested cases," they must be orders in contested cases by operation of ORS 183.310(2)(a)(D), which, as explained above, defines contested case as including instances where "an agency rule or order" provides for "hearings substantially of the character required by" various statutes governing contested cases under the APA. Further, because we do not understand an order of EFSC to provide for a contested case proceeding here, we look to the applicable EFSC rule, OAR 345-027-0371.

As noted above, OAR 345-027-0371 provides certain parties the opportunity to request a contested case proceeding regarding a proposed order "recommending approval,

modification or denial of the request for amendment to [a] site certificate." And, in particular, OAR 345-027-0371(9) sets forth the standard EFSC applies in determining whether a party is entitled to a contested case proceeding—*viz.*, "the Council must determine whether any properly raised issue [in a request for a contested case proceeding] justifies a contested case proceeding on that issue." As set forth above, a petitioner meets that standard when EFSC finds "that the request raises a significant issue of fact or law that is reasonably likely to affect the Council's determination whether the facility, with the change proposed by the amendment, meets the applicable laws and Council standards." *Id.*

　　Important to our analysis in this case is the subject of the Orders: The Orders concern petitioners' requests for contested case proceedings under OAR 345-027-0371. But OAR 345-027-0371 does *not* provide for a contested case proceeding with respect to a *request for* a contested case proceeding. That is, OAR 345-027-0371 does not *entitle* petitioners to a contested case proceeding to demonstrate that their request for a contested case proceeding actually "raises a significant issue of fact or law that is reasonably likely to affect the Council's determination whether the facility, with the change proposed by the amendment, meets the applicable laws and Council standards." *Corey*, 210 Or App at 545 n 3 ("[W]hether an order should be reviewed by this court as an order in a contested case depends on whether petitioners were entitled to a contested case hearing ***."). Nor does any other EFSC rule of which we are aware.

　　Thus, although we agree with EFSC that the issue before the court is not whether petitioners actually received a contested case proceeding, but whether they were entitled to one, we conclude that the Orders are not orders in "contested cases," as that phrase is defined in ORS 183.310 (2)(a)(D): petitioners were not entitled to a contested case proceeding to demonstrate that EFSC should grant them a contested case proceeding under OAR 345-027-0371.

　　Because the Orders are not orders in "contested cases," it follows that the Orders are instead orders in "other than contested cases."

## CONCLUSION

In sum, we conclude that the Orders are orders in "other than contested cases." ORS 183.484; ORS 183.310 (2)(a). Further, because we conclude, as noted above, that the Orders are final orders, the circuit court—not this court— has jurisdiction over petitioners' petition for judicial review under ORS 183.484(1). Accordingly, we transfer this case back to the Multnomah County Circuit Court pursuant to ORS 14.165(5)(a).

Transferred to the Multnomah County Circuit Court pursuant to ORS 14.165(5)(a).